353 So.2d 598 (1977)
Noel T. WINTER and Gloria Mavrakis, Appellants,
v.
PLAYA DEL SOL, INC., Appellee.
No. 76-1398.
District Court of Appeal of Florida, Fourth District.
December 13, 1977.
H. Mark Purdy of Parkhurst, La Hurd & Purdy, Fort Lauderdale, for appellants.
Edward R. Rumin of Adams & Adams, Fort Lauderdale, for appellee.
CROSS, Judge.
Appellant-plaintiffs, Noel T. Winter and Gloria Mavrakis, appeal a summary final judgment entered in favor of appellee-defendant, Playa del Sol, Inc., in an action for mandatory injunction. We reverse.
Appellant-plaintiffs, non-resident condominium owners in the Playa del Sol Condominium, demanded that the condominium officers and management allow appellants to inspect and make handwritten notations *599 of certain condominium records for the purpose of obtaining names and addresses of other non-resident unit owners. Appellee allowed appellants to visually inspect the records, but prohibited any handwritten notations. Appellants then filed suit for mandatory injunction to enable them to make written notations from the condominium records. Both parties moved for summary judgment. After hearing, the trial judge entered summary judgment in favor of appellees, stating that § 711.12, Florida Statutes, which required the condominium to keep certain records did not contemplate furnishing every resident of every condominium a mailing list of every other person in the condominium. This appeal then followed.
The sole question presented by this appeal is whether the trial court erred in construing § 718.111(7), Florida Statutes (Supp. 1976), formerly § 711.12(7), F.S., from prohibiting condominium owners from copying information contained in records kept by the condominium association.
Section 718.111(7), F.S., provides in pertinent part:
"The association shall maintain accounting records for each condominium it manages in the county where the condominium is located, according to good accounting practices. The records shall be open to inspection by unit owners or their authorized representatives at reasonable times, and written summaries of them shall be supplied at least annually to unit owners or their authorized representatives. .. . The records shall include, but are not limited to:
"(a) A record of all receipts and expenditures.
"(b) An account for each unit, designating the name and the current mailing address of the unit owner .. ."
The right to inspect public records carries with it the right to make copies. This is on the theory that the right to inspect would in many cases be valueless without the right to make copies. Fuller v. State ex rel. O'Donnell, 154 Fla. 368, 17 So.2d 607 (1944).
Other jurisdictions have held in certain contexts that the right of inspection includes the right to make copies of the information contained in the records. The right of a member of a political party to inspect enrollment of the registered voters of the party includes the right to copy the list of names found therein. People ex rel. Spire v. General Committee of Republican Party of Erie County, 25 App.Div. 339, 49 N.Y.S. 723 (App.Div. 4th 1898). The right to inspect the master record of voters carriers along with it the right to make copies. It is no invasion of privacy to copy information contained in the records if such information is already known directly. Ortiz v. Jaramillo, 82 N.M. 445, 483 P.2d 500 (1971).
It is an established principle that where the language of a statute is clear and unambiguous and conveys a clear and definite meaning, courts should not resort to rules of statutory interpretation and construction. The statute must be given its plain and obvious meaning. Union Camp Corporation v. Seminole Forest Water Management District, 302 So.2d 419 (Fla. 1st DCA 1974). Construction of a statute which would lead to an absurd result should be avoided. McKibben v. Mallory, 293 So.2d 48 (Fla. 1974).
In the instant case, it appears that the privilege of inspection of condominium association accounts afforded by statute to condominium unit owners should carry with it the right to make handwritten notations from the records. Permitting copying is the only result that is consistent with various judicial interpretations of statutory rights to inspection of records. It appears that the plain meaning of the statute is to allow the condominium owners access to the information in the records of the association, even to the extent of furnishing owners written summaries at least annually. To deny the owners, the appellants herein, the privilege of making handwritten notations from their direct observation of the information contained in the records would lead to an absurd result. Accordingly, the order of the trial court is reversed and the *600 cause remanded for further proceedings consistent with the views herein expressed.
Reversed and remanded.
DAUKSCH and LETTS, JJ., concur.