PER CURIAM.
Appellant city permitted (without ordinance or resolution) the erection of a flagpole on certain city property in 1976. In 1982 the City Council, by motion duly adopted, directed the city manager to move the flagpole from its original site to other city property. The appellees then institut *1075 ed the instant proceedings, contending, among other things, as follows:
“9. That the most recent meeting of the City Council proposal was made by one of the Council members to remove the flagpole and demolish the base and wall, utilizing the services of a bulldozer.
10. That this motion was seconded and to the best of this affiant’s knowledge unanimously adopted.
11. That this procedure is contrary to the rules and regulations governing the municipal bodies in that this proposal of such drastic magnitude was not on the agenda, but was introduced surreptitously by one of the Council members”.
The appellees then sought a temporary injunction preventing this removal. The trial court found, in its final judgment, the following:
“This Court finds that the City Council of the City of Homestead failed to comply with the prerequisties set forth in Ordinance No. 80-01-01, said Ordinance being that law of the City of Homestead which governs action on items not on the Council agenda. It is therefore, ...”
and because the flagpole had already been removed, directed that it be reinstalled at its original site. This appeal ensued and involves the proper construction of the city ordinance relative to the council considering non-agenda items at a duly called council meeting. The ordinance of the City of Homestead, No. 80-01-01 relating to such, reads as follows:
“Section 1. That Section 2-30 of the Code of Laws of the City of Homestead be and is hereby revised to read:
Sec. 2-30. Action on petitions, etc.
(a) Upon recognition by the presiding officer, any person, in his own behalf or for another, may address the council concerning any new request, petition, complaint or other communication. Unless decided otherwise by a five-sevenths (¾) vote or by unanimous vote of the quorum present, any such request, petition, complaint or other communication shall be taken under advisement and placed upon the next or subsequent official agenda for report prior to any action on the same by the council...
(b) Except by a five-sevenths (⅝) vote or by unanimous vote of the quorum present, the council shall take no action as to any matter not appearing on the current official agenda and having been duly noticed and published by law.
The trial court held that this section was not complied with when the Council adopted a motion as a non-agenda item to relocate the flagpole, even though the council’s action was unanimous, all members of Council being present.
It is argued in support of the trial courts ruling that notwithstanding the unanimous vote to relocate the flagpole, it was first necessary for the Council to cast a vote to take up the matter. We disagree and reverse. Section (b) above set forth, provides the method as to how the Council acts upon a motion of a member relating to a non-agenda item. Even though Section (a) may require a separate vote to take up a matter presented by a member of the audience or by petition, which we do not here decide,[1] it is clear from a reading of Section (b) that a separate vote is not necessary to adopt a non-agenda item proposed by a member of the Council if it passes by the necessary vote.
Construction of city ordinances are a question of law, see Clark v. Kreidt, 145 Fla. 1, 199 So. 333 (1940); Winter v. Playa del Sol, Inc., 353 So.2d 598 (Fla. 4th DCA 1977), unless their meaning is ambiguous. We find no ambiguity in the clear language of Section (a) and (b) above and hold that the City Council duly enacted the motion under attack. This action of the City Council being clearly within their authority, it is therefore left to the citizens of Homestead, if they feel that the City Council misused this authority, to make their *1076 response at the next election. For the reasons above stated, the injunction entered below is erroneous and is hereby vacated and the trial court is directed to enter final judgment in favor of the defendants upon remand.
Reversed and remanded.

. See Young v. City of Gurdon, 169 Ark. 399, 275 S.W. 890 (1925); Miller v. City of Lincoln, 94 Neb. 577, 143 N.W. 921 (1913); Emmons v. Southern Pacific Co., 97 Or. 263, 191 P. 333 (1920).