Mr. James T. Moore Commissioner, Florida Department of Law Enforcement Post Office Box 1489 Tallahassee, Florida 32302
Dear Commissioner Moore:
You ask the following question:
If a juvenile is arrested for a felony, do the recent amendments to chapter 39, Florida Statutes, prohibit a law enforcement agency or a criminal justice agency from releasing the law enforcement agency's crime or arrest reports or disclosing any information about the crime other than the name, address, and photograph of the juvenile offender?
In sum:
If a juvenile is arrested for a felony, the recent amendments to chapter 39, Florida Statutes, which reflect a legislative intent to make more information regarding juvenile crime available to the public, permit a law enforcement agency or a criminal justice agency to release the law enforcement agency's crime or arrest report or to disclose other information regarding the crime.
During the 1994 session, the Florida Legislature redirected the focus regarding the treatment of juvenile offenders under Florida law. Many of the protections formerly extended to serious juvenile offenders because of their age have been removed or lessened.[1]
The significance of this change is reflected in the Legislature's creation of a new state agency, the Department of Juvenile Justice, that is responsible for the planning, coordination and management of all programs within the juvenile justice system.[2]
Under Florida law, crime and police reports regarding crime have been a matter of public record.[3] With limited exceptions, however, the identity of a juvenile who committed a crime has been protected.[4] With the enactment of Chapter 94-209, Laws of Florida, an omnibus juvenile justice reform measure, the Legislature has amended the confidentiality provisions relating to juvenile offenders to allow for greater public dissemination of information. The clear goal of the Legislature was to establish the public's right to obtain information about persons who commit serious offenses, regardless of age. The new focus is on the serious nature of the offense, and the Legislature has plainly indicated that it no longer wishes to uniformly shield the identity of those charged with serious offenses simply because of their age.
Section 39.045(9), Florida Statutes, as amended, reflects such an intent by creating a distinction between a juvenile arrested for a felony (or convicted of three or more misdemeanors) and a juvenile arrested for a lesser offense. The statute now provides for greater dissemination of information contained in law enforcement records regarding juvenile offenders arrested for serious offenses. As of October 1, 1994, section 39.045(9), Florida Statutes, states that
a law enforcement agency may release for publication the name, photograph, and address of a child taken into custody if the child has been taken into custody by a law enforcement officer for a violation of law which, if committed by an adult, would be a felony, or the name, photograph, and address of any child who has been found by a court to have committed three or more violations of law which, if committed by an adult, would be misdemeanors.
Nothing in section 39.045(9), Florida Statutes, as amended, displays an intent to erode a law enforcement agency's ability to report on crime. The traditional confidentiality provisions of Chapter 39, Florida Statutes, were intended to protect the identity of juveniles. With the amendment of section 39.045(9), Florida Statutes, the Legislature has determined that the public must be informed of serious juvenile crime. Neither purpose, however, is served by reading the statute in such a manner that permits a law enforcement agency to release only the name, address, and photograph of a juvenile charged with a serious offense but no other information regarding the offense or arrest.
To read the language of section 39.045(9), as amended, as requiring a law enforcement agency to excise all information in its reports about a crime except for the name, address, and photograph of a juvenile charged with a felony or to create a new report containing only the name, address, and photograph of such a juvenile with no information as to the nature of the crime would produce an unreasonable and absurd result.[5]
Legislative intent is the polestar by which construction of a statute must be guided and this intent must be given effect.[6]
The changes to section 39.045(9), which recognize that the serious nature of the crime should govern a law enforcement agency's release of its records concerning juvenile offenders, reflect the intent of the Legislature to make it clear that law enforcement agencies are no longer required to withhold identifying information contained in their records about a juvenile charged with a felony.
Accordingly, I am of the opinion that if a juvenile is arrested for a felony, the recent amendments to chapter 39, Florida Statutes, which reflect a legislative intent to make more information regarding juvenile crime available to the public, permit a law enforcement agency to release its crime or arrest report or to disclose information regarding the crime. This conclusion would appear to be equally applicable when such law enforcement records have been transmitted to and are in the hands of the a criminal justice agency such as the Department of Juvenile Justice.[7]
To the extent that any previous opinions of this office may be inconsistent with the conclusions herein, they are hereby modified. In light of the uncertainty that has been expressed by the law enforcement community, however, it may be advisable for the Legislature to clarify these issues.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, e.g., s. 39.0587, Fla. Stat. (1994 Supp.), created by s. 50, Ch. 94-209, Laws of Florida, which provides, effective January 1, 1995, for the prosecution of a 14- or 15- year-old juvenile as an adult if charged with a specified serious felony and mandates that state attorneys prosecute as adults juveniles of any age who have three prior felony adjudications and three prior residential commitments; and s. 39.039, Fla. Stat., as amended by s. 28, Ch. 94-209, Laws of Florida, requiring fingerprinting of juveniles charged with certain offenses and the submission of such fingerprints to the Department of Law Enforcement.
[2] See, s. 1, Ch. 94-209, Laws of Florida, creating s. 20.316, Fla. Stat.
[3] See, State v. Kokal, 562 So.2d 324 (Fla. 1990) (crime and incident reports open for public inspection); Tribune Company v. Public Records, 493 So.2d 480 (Fla. 2d DCA 1986), petition for review denied sub nom., Gillum v. Tribune Company, 503 So.2d 327
(Fla. 1987).
[4] See, s. 39.045(9), Fla. Stat. (1993), which authorized the release of the identity of a juvenile who was 16 years of age or older and had been arrested for a felony or convicted of three or more misdemeanors.
[5] See, Winter v. Playa del Sol, Inc., 353 So.2d 598 (Fla. 4th DCA 1977) (construction of statute that would lead to absurd result should be avoided); City of St. Petersburg v. Siebold,48 So.2d 291 (Fla. 1950).
[6] See, e.g., State v. Webb, 398 So.2d 820 (Fla. 1981); see also, In re Order on Prosecution of Criminal Appeals by Tenth Judicial Circuit Public Defender, 561 So.2d 1130 (Fla. 1990); Parker v. State, 406 So.2d 1089 (Fla. 1981).
[7] See, s. 943.045(10)(c), Fla. Stat. (1994 Supp.), which designates the Department of Juvenile Justice as a criminal justice agency for purposes of criminal justice information.