W. SHARP, Judge.
Calloway appeals his sentence imposed after he pled no contest to one count of burglary of an occupied structure.[1] The judge sentenced Calloway to ten years as an habitual offender. His main point on appeal is that the court erred in imposing an habitual offender sentence because it employed the pre-1993 criteria and ignored the additional requirement that one of the qualifying prior offenses not be for drug possession.[2] We affirm.
At the plea hearing, the judge informed Calloway that the state had announced its intention to seek enhanced penalties for habitual offender treatment, with a maximum possible sentence of ten years in prison. Sentencing was held July 7, 1997, and the parties agreed the sentencing guidelines scoresheet, which showed a permissible guidelines sentencing range of 15 to 25 months in prison, was correct. Defense counsel did not object to the sentence at the sentencing hearing. He failed to file a motion pursuant to Florida Rule of Criminal Procedure 3.800(b), as well as a motion to correct the sentence after the alleged sentencing error had occurred, pursuant to Florida Rule of Appellate Procedure 9.020(h).
Thus, we must conclude that the sentencing error was not preserved and therefore cannot be raised in the direct appeal. See § 921.051 (effective July 1, 1996); Fla. R.App. P. 9.140(b). Hubbard v. State, 691 So.2d 645 (Fla. 5th DCA 1997), citing Middleton v. State, 689 So.2d 304 (Fla. 1st DCA 1997). Further, even if we were to reach the merits of Calloway’s appeal, there was sufficient evidence adduced in the record to establish Calloway had been convicted at a prior time of two nondrug-related felonies.
AFFIRMED.
COBB and THOMPSON, JJ., concur.

. §§ 810.02(1) and (4); 810.07, Fla. Stat. (1997).

. § 775.084, Fla. Stat. (1997).