724 So.2d 105 (1998)
James Anthony JEFFERSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-2110.
District Court of Appeal of Florida, Third District.
October 14, 1998.
Order Certifying Question and Denying Rehearing November 18, 1998.
Rehearing Denied January 20, 1999.
Bennett H. Brummer, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Terri Leon-Benner, Miami, for appellee.
Before COPE, GERSTEN and SHEVIN, JJ.
COPE, Judge.
This case is before the court on the State's motion to dismiss the defendant's appeal for lack of jurisdiction. We deny the motion.
The State contends that this court lacks jurisdiction to entertain the defendant's appeal because of the Legislature's enactment of the Criminal Appeal Reform Act. See ch. 96-248, at 953-57, Laws of Fla. (codified at § 924.051, Fla. Stat.). The Criminal Appeal Reform Act provides in pertinent part:
An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error. *106 § 924.051(3), Fla. Stat. (Supp.1996). The State contends that the sentencing errors claimed by the defendant were not properly preserved by first presenting them to the trial court, see id. § 924.051(1)(b), nor do they otherwise constitute fundamental error. The State argues that because "[a]n appeal may not be taken" under such circumstances, the defendant's appeal must be dismissed for lack of jurisdiction. We disagree.
As the First District stated in Stone v. State, 688 So.2d 1006 (Fla. 1st DCA 1997):[1]
[I]t appears to be the state's position that the recent amendments to chapter 924, Florida Statutes (see ch. 96-248, at 953-57, Laws of Fla.), deprive this court of jurisdiction to hear this appeal because appellant failed to preserve any "legally dispositive issue" for review, as contemplated by section 924.051(4), Florida Statutes (Supp.1996).
....
"Jurisdiction over the subject matter refers to a court's power to hear and determine a controversy.... Generally, it is tested by the good faith allegations, initially pled, and is not dependent upon the ultimate disposition of the lawsuit." Calhoun v. New Hampshire Ins. Co., 354 So.2d 882, 883 (Fla.1978) (citations omitted). "Jurisdiction of the subject matter does not mean jurisdiction of the particular case but of the class of cases to which the particular controversy belongs." Lusker v. Guardianship of Lusker, 434 So.2d 951, 953 (Fla. 2d DCA 1983). The rule that error must, except when it is "fundamental," be presented to, and ruled on by, the lower tribunal before it will be treated as preserved for purposes of appellate review is precisely thata rule, created by the courts to promote fairness and judicial economy. See, e.g., Castor v. State, 365 So.2d 701 (Fla.1978) (rule that claimed error must be presented to and ruled upon by lower tribunal to be preserved for appeal based on considerations of basic fairness and judicial economy). We do not perceive chapter 924, as recently amended, as intended to limit appellate subject matter jurisdiction in direct criminal appeals. Rather, it seems to us that the recent amendments were intended merely to make clear that, except with regard to "fundamental" error, all claimed error must first be presented to and ruled upon by the trial court. If it is not, the issue will not be deemed preserved for appellate review. To accept the state's argument to the contrary would result in the conclusion that the recent amendments to chapter 924 were intended to interfere with what the supreme court has concluded is a defendant's constitutional right to appeal.
Id. at 1007-08; accord Thompson v. State, 708 So.2d 289, 292 (Fla. 4th DCA 1998), review granted, No. 92,435, 718 So.2d 171 (Fla. June 19, 1998). But see Denson v. State, 711 So.2d 1225, 1228 (Fla. 2d DCA 1998) ("We read the first sentence [of section 924.051(3)] as an effort to restrict our jurisdiction over the case. An appeal `may not be taken,' i.e., the appellate court has no jurisdiction to hear an appeal, unless a prejudicial error is either preserved or fundamental.").
As Stone indicates, chapter 924 does not limit our jurisdiction to hear the defendant's appeal. Whether the claimed sentencing errors have been preserved and, if so, whether the claims have merit are issues to be decided on appeal rather than on the basis of a motion to dismiss for lack of jurisdiction.
Motion to dismiss denied.

ON MOTION FOR REHEARING AND/OR CERTIFICATION
PER CURIAM.
We certify that we have passed upon the following question of great public importance:
UNDER SECTION 924.051(3), FLORIDA STATUTES (SUPP. 1996), IS THE FAILURE TO PRESERVE FOR APPEAL AN ALLEGED SENTENCING ERROR THAT IS NOT FUNDAMENTAL A JURISDICTIONAL IMPEDIMENT TO *107 AN APPEAL THAT SHOULD RESULT IN A DISMISSAL OF THE APPEAL, OR IS IT A NONJURISDICTIONAL BAR TO REVIEW THAT SHOULD RESULT IN AN AFFIRMANCE?
The motion for rehearing is denied.
NOTES
[1] In White v. Singletary, 711 So.2d 640 (Fla. 3d DCA 1998), this court certified conflict with Stone v. State on a different issue, i.e., whether a defendant can appeal from a guilty plea in the absence of one of the limited exceptions necessary for such an appeal set forth in Robinson v. State, 373 So.2d 898 (Fla.1979).