758 So.2d 661 (2000)
STATE of Florida, Petitioner,
v.
James Anthony JEFFERSON, Respondent.
No. SC94630.
Supreme Court of Florida.
May 11, 2000.
*662 Robert A. Butterworth, Attorney General, James W. Rogers, Assistant Attorney General, Tallahassee, Florida, and Terri Leon-Benner, Assistant Attorney General, Fort Lauderdale, Florida, for Petitioner.
Bennett H. Brummer, Public Defender, and Andrew Stanton, Assistant Public Defender, Eleventh Judicial Circuit, Miami, Florida, for Respondent.
PARIENTE, J.
The issue presented in this case is whether section 924.051(3), Florida Statutes (Supp.1996), enacted as part of the Criminal Appeal Reform Act of 1996 ("the Act"), operates as a jurisdictional bar to appellate review of criminal appeals that do not present either preserved or fundamental error. The Third District in Jefferson v. State, 724 So.2d 105 (Fla. 3d DCA 1998), denied the State's motion to dismiss based on lack of jurisdiction, and certified the following question to be one of great public importance:

[1] UNDER SECTION 924.051(3), FLORIDA STATUTES (SUPP.1996), IS THE FAILURE TO PRESERVE *663 FOR APPEAL AN ALLEGED SENTENCING ERROR THAT IS NOT FUNDAMENTAL A JURISDICTIONAL IMPEDIMENT TO AN APPEAL THAT SHOULD RESULT IN A DISMISSAL OF THE APPEAL, OR [2] IS IT A NONJURISDICTIONAL BAR TO REVIEW THAT SHOULD RESULT IN AN AFFIRMANCE?
Jefferson v. State, 724 So.2d 105, 106-07 (Fla. 3d DCA 1998). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We answer the first part of the certified question in the negative and the second part of the question in the affirmative.
At oral argument in this case, the State conceded that section 924.051(3) is not a limitation on the appellate courts' subject matter jurisdiction. We agree with this concession. However, because this jurisdictional question has been raised in the appellate courts since the passage of the Criminal Appeals Reform Act, we write to explain why we agree with the State's concession of error.
In 1996, the Legislature enacted section 924.051 as part of the Criminal Appeal Reform Act. The statute provides in pertinent part:
(3) An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error.
(4) If a defendant pleads nolo contendere without expressly reserving the right to appeal a legally dispositive issue, or if a defendant pleads guilty without expressly reserving the right to appeal a legally dispositive issue, the defendant may not appeal the judgment or sentence.
§ 924.051(3)-(4) (emphasis supplied).
The question before the Court is whether the first sentence of section 924.051(3) operates as a jurisdictional bar to review "unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error." In Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103, 1104-06, 1138 (Fla.1996), we adopted amendments to several procedural rules in order to "harmonize" our rules with the Act, specifically with sections 924.051(3) and (4). In that opinion, we did not address the question of whether the Act created a jurisdictional bar to appellate review. See id. at 1104-06.
Of the district courts that have subsequently confronted this issue, both the First and Fourth Districts have concluded that the preservation requirements of section 924.051 do not pose a jurisdictional bar to appellate review but instead codify existing procedural bars to appellate review. See Thompson v. State, 708 So.2d 289, 292 (Fla. 4th DCA 1998), review dismissed, 721 So.2d 287 (Fla.1998); Stone v. State, 688 So.2d 1006, 1008 (Fla. 1st DCA), review denied, 697 So.2d 512 (Fla.1997). The Third District has aligned itself with the First and Fourth Districts and concluded that section 924.051(3) does not constitute a jurisdictional bar to review, at least for those defendants who did not plead guilty. See Jefferson, 724 So.2d at 106.[1]
In contrast, the Second District has concluded that these provisions constitute a *664 jurisdictional bar to review if the appeal does not present a preserved error that is prejudicial or an unpreserved error that is fundamental. See Bain v. State, 730 So.2d 296, 304 (Fla. 2d DCA 1999) (en banc). However, even the Second District has questioned whether the Legislature has the constitutional authority to limit the subject matter jurisdiction of appellate courts to hear criminal appeals. See id. at 300.
Finally, the Fifth District has not directly passed on the jurisdictional question; however, it has focused directly on unpreserved sentencing errors, affirming sentences in all appeals presenting unpreserved sentencing errors for appellate review. See, e.g., Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998), approved in part, disapproved in part, 760 So.2d 89 (Fla.2000); Calloway v. State, 718 So.2d 268 (Fla. 5th DCA 1998); Parks v. State, 719 So.2d 1212 (Fla. 5th DCA 1998), review granted, 727 So.2d 909 (Fla.1999).
We find it is clear from the language of section 924.051(3) that the Legislature intended to condition reversal of a conviction on the existence of either an error that was preserved and prejudicial or an unpreserved error that constitutes fundamental error. However, we do not find from the statutory language utilized that the Legislature clearly intended to limit the appellate courts' subject matter jurisdiction in the area of criminal appeals.
Wherever possible, statutes should be construed in such a manner so as to avoid an unconstitutional result. See, e.g., State v. Mitro, 700 So.2d 643, 645 (Fla.1997); Walker v. Bentley, 678 So.2d 1265, 1267 (Fla.1996); State v. Stalder, 630 So.2d 1072, 1076 (Fla.1994); Gray v. Central Fla. Lumber Co., 104 Fla. 446, 451, 140 So. 320, 323 (1932). Although the constitution grants appellate courts jurisdiction to review criminal appeals in the appellate courts, this constitutional grant does not authorize the Legislature to impose restrictions on these jurisdictional powers. See art. V, § 4(b), Fla. Const.[2] "While constitutional jurisdiction cannot be restricted or taken away, it can be enlarged by the Legislature in all cases where such enlargement does not result in a diminution of the constitutional jurisdiction of some other court, or where such enlargement is not forbidden by the Constitution." South Atlantic S.S. Co. v. Tutson, 139 Fla. 405, 190 So. 675, 682 (1939) (quoting Harry E. Prettyman, Inc. v. Florida Real Estate Comm'n, 92 Fla. 515, 525, 109 So. 442, 445 (1926)). Thus, the Legislature could not constitutionally limit the appellate courts' subject matter jurisdiction to hear criminal appeals.
Article V, section 4(b), which grants the district courts' jurisdiction to hear criminal appeals, also grants criminal defendants a constitutional right to an appeal. See id.; Amendments, 696 So.2d at 1104. In a previous opinion upholding the Criminal Appeals Reform Act against constitutional attack, this Court stated that
we believe that the legislature may implement this constitutional right and place reasonable conditions upon it so long as they do not thwart the litigants' legitimate appellate rights. Of course, this Court continues to have jurisdiction over the practice and procedure relating to appeals.

Id. at 1104-05 (emphasis supplied) (footnote omitted). Because the Florida Constitution does not give the Legislature the authority to restrict the subject matter *665 jurisdiction of the appellate courts to hear criminal appeals, to the extent that section 924.051(3) could be read as an attempt to restrict the subject matter jurisdiction of the appellate courts in a manner not authorized by the constitution, the provisions would be unconstitutional. See South Atlantic, 139 Fla. at 422, 190 So. at 682. Thus, construing these ambiguous provisions as a jurisdictional bar would run counter to the important principle that statutes should be construed to avoid an unconstitutional result.
Further, in construing a statute that is susceptible to more than one interpretation, it is often helpful to refer to legislative history in order to ascertain the Legislature's intent. See Magaw v. State, 537 So.2d 564, 566 (Fla.1989); See also 2A Norman J. Singer, Statutes and Statutory Construction § 48.04 (6th ed.2000). Before enactment of the Act, the contemporaneous objection rule posed a procedural bar that generally prevented defendants from raising issues on appeal that had not been first presented to the trial court, absent fundamental error. See generally Pomeranz v. State, 703 So.2d 465, 470 (Fla.1997); Castor v. State, 365 So.2d 701, 703 (Fla.1978). The Staff Analysis of the Act supports the interpretation that the purpose of these provisions was to codify the contemporaneous objection requirement, rather than to restrict the jurisdiction of the appellate courts:[3]
Florida courts have traditionally held that questions not timely raised and ruled upon in the trial court will not be considered on appeal. This policy, often cited as the "contemporaneous objection rule," is intended to give trial judges an opportunity to address objections made by counsel in trial proceedings and to correct errors accordingly. The primary purpose of the rule is to ensure that objections are made when the recollections of witnesses are freshest and not years later in a subsequent trial or a post-conviction relief proceeding. "Delay and unnecessary use of the appellate process result from a failure to cure early that which must be cured eventually."
. . . .

In an effort to enforce the contemporaneous objection rule, the bill expressly prohibits a court from reversing a judgment or sentence on appeal, unless the court determines that a prejudicial error occurred that was properly preserved in the trial court, but allows courts to reverse on the basis of "fundamental errors," despite the failure of defense counsel to object in the trial court.
Fla. H.R. Comm. on Crim. Just., CS for HB 211 (1996) Final Staff Analysis 3, 5 (March 26, 1996) (emphasis supplied) (citations omitted).
In addition, a comparison of the pre-filed version of the bill and various amendments of the bill to the version of section 924.051(3) ultimately enacted further supports the conclusion that interpreting the Act as a codification of the contemporaneous objection requirement, rather than a restriction on the subject matter jurisdiction, is consistent with the actual legislative intent. The original bill prefiled in the House and Senate provided:
(5) Jurisdiction of an appellate court over an appeal is substantive and must be satisfactorily demonstrated by the appellant before the court can consider the merits of the appeal. When appellate jurisdiction is challenged, all other appellate proceedings in the case are stayed until the challenge is resolved.
Fla. HB 211, § 4 (1995) (prefiled); Fla. SB 2, § 4 (1995) (prefiled). This language *666 would have created a two-step procedure whereby a defendant must demonstrate, before briefing on the merits, that the appeal presents a cognizable issue. The Legislature specifically struck this language from the bill.
In enacting the Act, the Legislature was attempting to streamline the appellate process and increase judicial efficiency. See Fla. S. Jud. Comm., CS for SB 2 (1995) Staff Analysis 4-5 (rev. Nov. 16, 1995); See also Denson v. State, 711 So.2d 1225, 1228 (Fla. 2d DCA 1998). Construing section 924.051(3) as presenting a jurisdictional bar to review would not further the purpose of increasing judicial efficiency because in many cases it would effectively require appellate courts to examine the entire trial record twiceonce in response to the State's motion to dismiss for lack of jurisdiction and then again when a decision is made on the merits. A two-step process would almost inevitably increase and certainly would not decrease judicial labor.
Further, section 924.051(3) provides that a defendant may not appeal "unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error." Outside of the sentencing context, the question of whether fundamental error exists generally requires an examination of the record as a whole. Cf. Crump v. State, 622 So.2d 963, 972 (Fla.1993) (concluding after a review of the entire record that error was not fundamental). This necessity is in fact specifically envisioned within the language of section 924.051(3), which requires appellate courts to conduct "a review of the complete record." Although determining whether an error has been preserved is less complex than determining whether that error is fundamental, appellate cases routinely involve multiple issues that may include both preserved and unpreserved error.
After considering the language of the Act and the legislative history of section 924.051(3), we conclude that construing this statute as merely codifying the existing procedural bars to appellate review both upholds the statute's constitutionality and is consistent with the actual legislative intent in passing the Act. Nothing in our opinion today circumvents the requirement codified in the Act that in order to constitute reversible error, the error must first either be preserved for review or amount to fundamental error.
Finally, we note that even though we do not interpret the Act as posing a jurisdictional bar to appellate review, the appellate courts still retain the power to summarily address appeals. For example, Rule of Appellate Procedure 9.315 provides that after service of the initial brief, or the answer brief if a cross-appeal has been filed, "the court may summarily affirm the order to be reviewed if the court finds that no preliminary basis for reversal has been demonstrated." Thus, in those appeals presenting unpreserved errors that are not considered fundamental, appellate courts have the authority to summarily affirm the conviction and sentence.[4]
Accordingly, we accept the State's concession of error and answer the first part of the rephrased certified question in Jefferson in the negative and the second part of the certified question in the affirmative.
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, LEWIS and QUINCE, JJ., concur.
WELLS, J., concurs in result only.
NOTES
[1] However, a footnote in the opinion on review indicates that the Third District disagrees with these courts on the issue of "whether a defendant can appeal from a guilty plea in the absence of one of the limited exceptions necessary for such an appeal set forth in Robinson v. State, 373 So.2d 898 (Fla.1979)." Jefferson, 724 So.2d at 106 n. 1. We disapproved of this portion of Jefferson in Leonard v. State, 760 So.2d 114, 120 (Fla. 2000).
[2] This constitutional provision contrasts with other provisions of the constitution that do provide the Legislature with the power to define the jurisdiction of the courts, such as the power to define the jurisdiction of the Supreme Court over appeals from bond validations and the actions of statewide agencies, see art. V, § 3(b)(2), Fla. Const., the district courts' appellate review of administrative actions, see art. V., § 4(b)(2), Fla. Const., the appellate jurisdiction of the circuit courts, see art. V, § 5(b), Fla. Const., and the general jurisdiction of the county courts, see art. V, § 6(b), Fla. Const.
[3] Further, language in the Staff Analysis suggests that the Legislature understood that appellate jurisdiction is defined by the Florida Constitution and the Florida Rules of Appellate Procedure, although the staff analysis also indicates the mistaken belief that the right to appeal was purely statutory, rather than protected by the Florida Constitution. See Fla. H.R. Comm. on Crim. Just., CS for HB 211 (1996) Staff Analysis 2 (March 26, 1996); Fla. S. Jud. Comm., CS for SB 2 (1996), Staff Analysis 2-3 (Nov. 16, 1995).
[4] For the reasons expressed in our opinion in Leonard v. State, 760 So.2d at 119 (Fla.2000), we note that it would be helpful for appellate courts to include a citation to our opinion in Maddox v. State, 760 So.2d 89 (Fla.2000), when they are summarily affirming an appeal after finding that an unpreserved sentencing error does not constitute fundamental error.