PER CURIAM.
Tyrone Gallon appeals the summary denial of his motion for postconviction relief which was filed pursuant to Florida Rule of Criminal Procedure 8.850. In his motion, Gallon raised three claims, two of which we find may have merit. We reverse as to those two claims. We affirm without discussion the trial court’s denial of Gallon’s remaining claims.
Gallon contends that: 1) his eighty-five month sentence is illegal because the scoresheet included an unscoreable burglary conviction for which he was sentenced as a violent career criminal, and counsel failed to object to the improper calculation on his scoresheet; and 2) his sentence is illegal pursuant to this court’s decision in Heggs v. State, 718 So.2d 268 (Fla. 2d DCA 1998).
As to Gallon’s first claim, the trial court stated that Gallon was not sentenced as a violent career criminal in case number 97-5065. The trial court therefore concluded that the burglary conviction which was scored as an additional offense was correctly scored. However, Gallon states in his motion that the burglary conviction he is disputing is in regards to case number 97-12790. Since the trial court failed to attach a scoresheet or any other records to conclusively refute Gallon’s claim, we reverse and remand for further proceedings or for an evidentiary hearing on it.
The trial court denied relief on Gallon’s claim that his sentence is illegal pursuant to this court’s decision in Heggs, relying on this court’s suggestion in Heggs that the relevant window to challenge the 1995 guidelines was determined by the date of sentencing. Because it is now clear that the date of the offense is the relevant date, see Heggs v. State, 759 So.2d 620(Fla.2000), we must reverse and remand for the trial court to determine whether Gallon committed his offenses within the Heggs window and, if so, whether his sentence could not have been imposed under the 1994 guidelines without a departure. If the answers to both of these questions are affirmative, then Gallon should be resentenced with the valid guidelines in existence at the time he committed his offense. If the court enters an order stating that resentencing is unnecessary, it shall attach documents necessary to support its conclusion. See George v. State, 760 So.2d 293 (Fla. 2d DCA 2000); Smith v. State, 761 So.2d 1172 (Fla. 2d DCA 2000).
We note, that Gallon also claims that the trial court improperly denied his motion for rehearing as untimely. It appears to us that it was timely pursuant to the mailbox rule. See Thompson v. State, 761 So.2d 324(Fla.2000); Haag v. State, 591 So.2d 614 (Fla.1992). While the trial court should not have denied the motion for rehearing as untimely, we have considered the arguments made by Gallon therein and concluded that they do not change the results of our decision.
Affirmed in part, reversed in part and remanded.
NORTHCUTT, A.C.J., and PARKER and CASANUEVA, JJ., Concur.