Mr. Eddie Stephens General Counsel Palm Beach County Property Appraiser Post Office Box 3346 West Palm Beach, Florida 33402
Dear Mr. Stephens:
As legal counsel to the Palm Beach County Property Appraiser, you have requested my opinion on substantially the following question:
Does section 119.07(3)(i), Florida Statutes, preclude the Palm Beach County Property Appraiser from making technology available to the public that would enable a user to view a map on the Internet showing the street name, block and physical location of a law enforcement officer's home and surrounding properties, and specifically identifying the location of a law enforcement officer's home?
According to information you have supplied, the Palm Beach County Property Appraiser has developed an Internet-based information database that allows public access to information of which the appraiser is custodian. The system is known locally as the Property Appraiser Access System. Recently added to this system is a map feature that allows the public to see a graphic representation of specific property, which is similar to a plat. For those individuals who have requested confidential status pursuant to section 119.07(3)(i)1., Florida Statutes, the graphic representation does not list the home address of their property. However, an individual visiting this website can use the name of a law enforcement officer to retrieve information about property owned by the officer. While the site indicates that the address is confidential pursuant to section 119.07(3)(i), Florida Statutes, the visitor can click a button on the site to view a map that identifies the street upon which a law enforcement officer's home is located and surrounding thoroughfares, shows the parcel number of the law enforcement officer's home and that of adjoining properties, and specifically identifies the officer's home with a large red star imposed over the parcel number. You ask whether the Property Appraiser is required to make technology available to the public that would allow the user to view the exact location of a law enforcement officer's home.
The right of every person to inspect and copy governmental records in Florida is expressed in both the Florida Constitution and the statutes. Article I, section 24(a), Florida Constitution, guarantees every person the right to inspect or copy any public record of the legislative, executive and judicial branches of government. Pursuant to this constitutional provision, the Legislature may provide by general law for the exemption of records from the requirements of Article I, section 24(a). Any such exemption proposed by general law must state with specificity the public necessity justifying the exemption and must be no broader than is necessary to accomplish its purpose.[1]
Florida's broad public policy of open records is reflected in Chapter 119, Florida Statutes, The Public Records Act. The Public Records Act guarantees every person a right to personally inspect and copy all state, county, and municipal records. Section 119.011(1), Florida Statutes, defines the phrase "[p]ublic records" to include
"all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency."
As this office recently concluded in an opinion to the Board of Commissioners of Palm Beach County, maps and related data produced by the county for purposes of county business are public records.[2]
Section 119.07(1)(a), Florida Statutes, requires the public records custodian for an agency to make these records available for inspection and copying as provided therein. This section also includes a number of exemptions from the inspection and copying requirements of the Public Records Act. Section 119.07(3)(i)1.-3. Florida Statutes, exempts certain information relating to various classes of public officers and employees:
"(i)1. The home addresses, telephone numbers, social security numbers, and photographs of active or former law enforcement personnel, including correctional and correctional probation officers, personnel of the Department of Children and Family Services whose duties include the investigation of abuse, neglect, exploitation, fraud, theft, or other criminal activities, personnel of the Department of Health whose duties are to support the investigation of child abuse or neglect, and personnel of the Department of Revenue or local governments whose responsibilities include revenue collection and enforcement or child support enforcement; the home addresses, telephone numbers, social security numbers, photographs, and places of employment of the spouses and children of such personnel; and the names and locations of schools and day care facilities attended by the children of such personnel are exempt from the provisions of subsection (1). . . ."
Exemptions from the public records requirements are to be strictly construed in light of the public purpose for adoption of the statute,i.e. to open public records to the state's citizens to discover the actions of their government.[3]
The exemption currently codified as section 119.07(3)(i), Florida Statutes, was enacted as Chapter 79-187, Laws of Florida. As originally enacted, the exemption applied only to law enforcement personnel and their families; other classes of employees have been added over the years.[4]
As the Florida Supreme Court has recognized, government agencies in Florida and across the nation are faced with concerns over the broad release of sensitive or confidential information through electronic media.[5] In response to these concerns the Court has ordered that "no court record . . . shall be released in any electronic form by any Florida clerk of court except as provided herein."[6] The Chief Justice has established the Committee on Privacy and Court Records to recommend to the Court comprehensive policies to regulate the electronic release of court records to protect legally protected, sensitive information.[7]
Other state constitutional officers such as the property appraiser face similar problems and must balance the public's personal privacy rights with the mandates of the Public Records Law.
Section 119.07(3)(i), Florida Statutes, was adopted at a time when computerized public records were not generally available to the public. With the advent of personal computers and the availability of public records on the Internet, information that could lead to the harassment of or physical danger to a law enforcement officer and his or her family should be closely guarded. The provisions of section 119.07(3)(i), Florida Statutes, attempted to accomplish this goal in 1979 by specifically addressing the technology of the time.
It is a general rule of statutory construction that when a statute is "clear, certain, and unambiguous, the courts have only the simple and obvious duty to enforce the law according to its terms"[8] However, where a statute is susceptible of more than one meaning, legislative history is helpful in ascertaining legislative intent.[9] The courts will not ascribe to the Legislature an intent to create an absurd or harsh consequence.[10] No literal interpretation of a statute should be used that leads to an unreasonable conclusion or a purpose clearly at variance with the legislative intent.[11]
In construing a statute, the act as a whole should be considered, along with the problem to be corrected, the language of the act and the state of the law already existing, and a construction should be given that comports with legislative intent.[12] In determining legislative intent, it is appropriate to consider actions passed at prior or subsequent sessions as well as those passed at the same session.[13]
Legislative history regarding the adoption of Chapter 79-187, Laws of Florida, indicates that the initial bill did not contain the exemption for home addresses, telephone numbers, and photographs that was included in the final version of the bill that was enacted into law. Rather, this language was added during the legislative process. The staff analysis notes that the purpose of the amendment was to exempt from disclosure "certain personal information relating to law enforcement personnel and their families."[14] Comments from committee members at the meeting in which the amendment was adopted indicate that it was the product of a consensus that the personal privacy of law enforcement officers and their families should be protected.[15]
The legislative history of this provision clearly evinces a legislative intent that information that would reveal the location of a law enforcement officer's home should be treated as confidential and exempt from the Public Records Law. I would note that an examination of the Palm Beach County Property Appraiser's website reveals that the maps about which you inquire reveal the street upon which a law enforcement officer's home is located and surrounding thoroughfares, shows the parcel number of the law enforcement officer's home and that of adjoining properties, and specifically identifies the officer's home with a large red star imposed over the parcel number. Using only the information supplied by this site, a reasonably computer-literate person could identify the exact street address of a law enforcement officer's home.
Because it is clear that the legislative intent of this statute is to make such information exempt from public inspection, it is my opinion that the property appraiser is precluded by section 119.07(3)(i), Florida Statutes, from making technology available to the general public that shows the exact location of a law enforcement officer's home.
I would note, however, that section 119.07(3)(1)4., Florida Statutes, states that a custodian of the personal information specified in this subparagraph who is not the employer of the law enforcement officer is required to maintain the confidentiality of this personal information only if the officer submits a written request for confidentiality to the custodial agency.
In sum, it is my opinion that the Palm Beach County Property Appraiser is precluded by section 119.07(3)(i), Florida Statutes, from making the technology available to the public that would enable a user to view a map on the Internet showing the physical location of a law enforcement officer's home, even though this map does not contain the actual home address of the law enforcement officer's property, if the property appraiser has received a written request for confidentiality from that officer.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] Article I, s. 24(c), Fla. Const. 
[2] Attorney General Opinion 03-42 (2003).
[3] See Henderson v. State, 745 So.2d 319, 324 (Fla. 1999); Christy v.Palm Beach County Sheriff's Office, 698 So.2d 1365, 1366 (Fla. 4th DCA 1997); citing City of Riviera Beach v. Barfield, 642 So.2d 1135, 1136, (Fla. 4th DCA 1994), rev. denied, 651 So.2d 1192 (Fla. 1995).
[4] In 1985, the exemption was expanded to include former as well as current law enforcement officers. See Ch. 85-18, Laws of Florida. Subsequent legislation broadened the exemption to include other categories of employees and officers such as firefighters, correctional officers, prosecutors, judges, code enforcement officers, human resource managers, as well as certain employees of the Department of Health, Revenue, and Children and Families.
[5] See In re: Committee on Privacy and Court Records, No. AOSC03-49 (Fla. 2003).
[6] Id. p. 8.
[7] Supra n. 13 at p. 4.
[8] Van Pelt v. Hilliard, 78 So. 693, 694 (Fla. 1918).
[9] Rollins v. Pizzarelli, 761 So.2d 294, 295 (Fla. 2000); State v.Jefferson, 758 So.2d 661 (Fla. 2000).
[10] City of St. Petersburg v. Siebold, 48 So.2d 291 (Fla. 1950);Winter v. Playa del Sol, Inc., 353 So.2d 598 (Fla. 4th DCA 1977).
[11] See, e.g., Ops. Att'y Gen. Fla. 99-71 (1999) and 86-24 (1986).
[12] Foley v. State ex rel. Gordon, 50 So.2d 179, 180 (Fla. 1951); DadeFederal Savings and Loan Association v. Miami Title Abstract Divisionof American Title Insurance Company, 217 So.2d 873 (Fla. 3d DCA 1969).And see State v. Rodriquez, 365 So.2d 157 (Fla. 1978); Forsythe v. Longboat Key Beach Erosion Control District, 604 So.2d 452 (Fla. 1992)
[13] Watson v. Holland, 20 So.2d 388 (Fla. 1944).
[14] Senate Staff Analysis of HB 1531, dated May 16, 1979.
[15] Audiotape of meeting of the Senate Governmental Operations Committee, May 15, 1979. And see Inf. Op. to Cindy A. Laquidara dated July 17, 2003, which discusses the legislative history of this amendment at length.