IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOVITA CORTES-MARTINEZ,

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

Appellant,

v.

CASE NO. 1D14-1825

PALMETTO VEGETABLE CO., LLC AND CLAIMS CENTER,

Appellees.

_____/

Opinion filed March 10, 2015.

An appeal from an order of the Judge of Compensation Claims.
Diane B. Beck, Judge.

Date of Accident: December 27, 2009.

Tag Feld, Bradenton, and Bill McCabe, Longwood, for Appellant.

Cindy R. Galen of Eraclides, Gelman, Hall, Indek, Goodman & Waters, LLC, Sarasota, and Ya'sheaka S. Campbell of Eraclides, Gelman, Hall, Indek, Goodman & Waters, LLC, Tampa, for Appellees.

PER CURIAM.

In this workers' compensation appeal, Claimant argues the Judge of

Compensation Claims (JCC) erred in her interpretation of section 440.34, Florida

Statutes (2009).  Because we agree the JCC erred in her interpretation of that section, we reverse the order.

In this case of first impression, we address the formula for computing an attorney's fee under section 440.34(1):

> A fee, gratuity, or other consideration may not be paid for a claimant in connection with any proceedings arising under this chapter, unless approved by the judge of compensation claims or court having jurisdiction over such proceedings.  Any attorney's fee approved by a judge of compensation claims for benefits secured on behalf of a claimant must equal to 20 percent of the first $5,000 of the amount of benefits secured, 15 percent of the next $5,000 of the amount of the benefits secured, 10 percent of the remaining amount of the benefits secured to be provided during the first ten years after the date the claim is filed, and 5 percent of the benefits secured after ten years. . . .

Because we engage in statutory construction, our review is de novo.  See Santizo-Perez v. Genaro's Corp., 138 So. 3d 1148, 1149 (Fla. 1st DCA 2014) (explaining that "the JCC's interpretation and application of the statute is a question of law subject to review de novo").

At a mediation conference, the parties agreed to settle the case in its entirety for $28,500, from which Claimant would pay a $3,600 fee based on the formula outlined above.  The parties also agreed that the Employer/Carrier (E/C) would pay a fee based on Claimant's attorney having secured $4,940.54 in past indemnity benefits, which benefits were paid by the E/C as the result of prior litigation that had occurred in the case.  Paperwork reflecting the agreements was submitted at the same time.

2

The JCC approved the Claimant-paid fee based on the settlement; she declined, however, to approve a fee as agreed to by the parties based on the past benefits secured in the prior litigation. The JCC reasoned that there can be only one $5,000 in benefits secured for which a 20% fee can be approved and only one $5,000 in benefits for which a 15% fee can be approved. Once the $10,000 threshold is reached in the life of the case, any additional fee would be limited to 10% of the benefits secured.

In construing a statute, courts must first look to its plain language. See <u>Perez v. Rooms To Go</u>, 997 So. 2d 511, 512 (Fla. 1st DCA 2008). The plain language of section 440.34 does not support the JCC's interpretation. The section makes reference to "the" claim, suggesting that there can be more than one claim that would qualify for application of the full formula. This interpretation finds support when the following language from subsection (2) is considered:

> In awarding a claimant's attorney's fee, the judge of compensation claims shall consider only those benefits secured by the attorney. . . . For purposes of this section, the term "benefits secured" does not include future medical benefits to be provided on any date more than 5 years after the date the claim is filed. . . .

If, as the JCC seemingly concluded, "the" claim can be only the first claim filed, then contested medical benefits secured by an attorney for a claimant more than five years after the first claim is filed would not result in the payment of any fee because there would be no "benefits secured" upon which the formula could be applied. Such

3

a reading would vitiate the guarantees in section 440.34(3)(a),(b),&(c), which provide that a "claimant is entitled to recover an attorney's fee" in proceedings where he or she successfully asserts a petition for medical benefits only or where the injured person has employed an attorney in the successful prosecution of a petition that has been denied by the employer or carrier. The inability to obtain a fee raises constitutional issues. See Jacobson v. Se. Pers. Leasing, 113 So. 3d 1042, 1049, 1052 (Fla. 1st DCA 2013) (holding "that the prohibition on claimant-paid attorney's fees in section 440.105(3)(c) and 440.34 [is] unconstitutional, and thus unenforceable, as they apply to cases where the fee is for legal services performed in defense against an E/C's motion to tax costs," because such services would not result in securing any benefits). When presented with two possible interpretations, one of which would render the provision unconstitutional, the constitutional interpretation should prevail. See Murray v. Mariner Health, 994 So. 2d 1051, 1057 (Fla. 2008) ("'[W]herever possible, statutes should be construed in such a manner so as to avoid an unconstitutional result.'") (quoting State v. Jefferson, 758 So. 2d 661, 664 (Fla. 2000)).

Because the JCC erred in interpreting section 440.34(1), the JCC erred in denying the requested E/C-paid fee. Accordingly, this matter is REVERSED and REMANDED for entry of an order consistent with this opinion.

ROBERTS, CLARK, and ROWE, JJ., CONCUR.

4