IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LEONARDO URGUELLES,

     Appellant,

v.

EL OASIS CAFE AND
TECHNOLOGY INS. CO.,

     Appellees.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-5333

_____/

Opinion filed April 15, 2015.

An appeal from an order of the Judge of Compensation Claims.
Gerardo Castiello, Judge.

Date of Accident: October 19, 2012.

Mark L. Zientz of the Law Offices of Mark L. Zientz, P.A., Miami, for Appellant.

Rayford H. Taylor of Casey Gilson, P.C., Atlanta, Ga., for Appellees.

PER CURIAM.

In this workers' compensation appeal, Claimant argues that the Judge of

Compensation Claims (JCC) erred when he reduced a stipulated Claimant-paid

attorney's fee submitted for his approval to ten percent of the monetary value of past benefits secured. Section 440.34(1), Florida Statutes (2012), provides that "any attorney's fee" approved by a JCC must equal 20% of the first $5,000 secured by the attorney, 15% of the next $5,000, and 10% of the remaining benefits secured over $10,000 (the "20/15/10 formula"). The JCC indicated that he reduced the stipulated fee amount under the 20/15/10 formula based on his interpretation that the first $10,000 in benefits secured, to which the percentages of twenty and fifteen percent would apply, had been "exhausted" with the approval of another attorney's fee on a lump-sum settlement (which were collected by another attorney altogether). The JCC did not, however, have the benefit of our recent decision in Cortes-Martinez v. Palmetto Vegetable Co., 40 Fla. L. Weekly D609 (Fla. 1st DCA Mar. 10, 2015), where this Court held that each separate and distinct attorney's fee is subject to the 20/15/10 formula. Because the reduction here was based on an incorrect interpretation of the application of the 20/15/10 formula, we REVERSE and REMAND for entry of an order approving the stipulated Claimant-paid attorney's fee.

WOLF, ROWE, and SWANSON, JJ., CONCUR.

2