WINOKUR, J.,
concurring.
I agree with Judge Osterhaus’ concurring opinion that a departure sentence pursuant to section 775.082(10), Florida Statutes, does not implicate Apprendi[10] and its progeny. However, even if a departure sentence did implicate Apprendi, I would find that section 775.082(10) is not facially unconstitutional because circumstances exist where it may be constitutionally applied.
I.
Judge Osterhaus’ opinion notes that a defendant who qualifies under the first *820 sentence of section 775.082(10) can be sentenced to as much as 364 days in jail followed by four years of community control or probation. In other words, the court can impose a five-year sentence, but only one year can be incarcerative. Accordingly, that opinion concludes that the second sentence of section 775.082(10) creates a “dis-positional departure,” to which Apprendi and its progeny do not apply, rather than a “durational departure,” to which Apprendi would apply. I agree with this conclusion, and the legal reasoning supporting it.
I do so with some reservation. It is obvious that the “maximum sentence” permitted under the first sentence of section 775.082(10) (one year jail followed by four years of various forms of community sanction) is significantly less severe than the maximum sentence permitted with a departure under the second sentence of section 775.082(10) (five years imprisonment). As such, a reasonable argument can be made that a section 775.082(10) departure “increases the penalty for a crime beyond the prescribed statutory maximum,” Apprendi, 530 U.S. at 490, 120 S.Ct. 2348, and therefore implicates the requirements of Apprendi.
Nonetheless, I conclude that this difference in severity does not invoke Apprendi for two reasons. First, I find the analysis of the Kansas Supreme Court in State v. Carr, 274 Kan. 442, 53 P.3d 843 (2002), and the South Dakota Supreme Court in State v. Anderson, 867 N.W.2d 718 (S.D. 2015), to be persuasive in drawing a distinction between durational departures and dispo-sitional departures.[11] Second, because this distinction is sound, we should apply it here in order to meet our obligation to construe a statute “in such a manner so as to avoid an unconstitutional result.” State v. Jefferson, 758 So.2d 661, 664 (Fla. 2000). With these qualifications, I agree with Judge Osterhaus’ opinion that a departure sentence under section 775.082(10) does not violate the right to trial by jury.
II.
Even if a section 775.082(10) departure did increase the maximum sentence in a way that created an Apprendi issue, I would find that the subsection is not facially unconstitutional.[12]
A statute is facially unconstitutional only when “no set of circumstances exists in which the statute can be constitutionally applied.” Cashatt v. State, 873 So.2d 430, 434 (Fla. 1st DCA 2004). Therefore, if we can conceive of any circumstance in which section 775.082(10) could be constitutionally applied, we are bound to reject any facial claim. While several applications of the statute could potentially save the statute’s facial constitutionality,[13]1 believe the *821 only valid one is that a jury could make the finding of “danger to the public” required by section 775.082(10). If a jury— through a special interrogatory or otherwise—found beyond a reasonable doubt that “a nonstate prison sanction could present a danger to the public,” and the judge sentenced the defendant accordingly, that sentence would comply with Ap-prendi.
The statutory language precludes the judge from imposing an enhanced sentence unless “the court makes written findings,” but because the statute says nothing about jury involvement, it does not preclude jury involvement. There would have been a jury finding authorizing the punishment, a jury standing between the accused and the enhanced sentence. Cf. Williams v. Florida, 399 U.S. 78, 100, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970) (“[T]he essential feature of a jury obviously lies in [its] interposition between the accused and his accuser[J”). That jury finding would ensure the defendant would not “get more punishment than he bargained for when he did the crime,” based solely on a judge’s findings. Apprendi, 530 U.S. at 498, 120 S.Ct. 2348 (Scalia, J., concurring) (emphasis omitted). That did not happen here, of course, but the possibility of this constitutional application requires us to reject Woods’ facial claim. This ends the inquiry.
Judge Makar’s concurring opinion does not appear to take issue with the conclusion that a jury finding of danger would overcome any constitutional right to jury trial issues. Instead, I read his concurring opinion as concluding that the hypothetical situation set out above is not permitted by the statute. I disagree.
Judge Makar’s opinion argues that the approach set out above “judicially engrafts a requirement into the statute that a jury makes the factual findings that the statute says the court must make (in writing, no less),” which rewrites the statute. (Cone. Op. at 808). Not so. The approach set forth above does not shift the authority for making the finding of danger from the judge to the jury. The judge must still make a written finding of danger before a prison sentence is permissible. And the decision remains the judge’s to make. Even if the jury made the finding of danger, the judge could reject it and choose to impose the non-prison sentence. All the judge cannot do is conclude that a non-prison sentence presents a danger and sentence the defendant to a prison term without that fact being found by the jury.
Nothing about this approach is inconsistent with section 775.082(10). The court can make the statutorily-required written finding, and sentence the offender to prison, perfectly consistent with the statute, but only if the jury has already made the finding of danger.[14] This is a constitutional application of the statute. Again, because one exists, regardless of the possibility of unconstitutional applications, the statute is facially constitutional. Accordingly, even if section 775.082(10) implicates Apprendi, it is not facially unconstitutional. And because Woods did not preserve an as-applied constitutional challenge to her sentence, she is not entitled to relief.

. Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

. While the maximum sentence with a departure under section 775.082(10) is “more severe" than the maximum sentence without a departure, the same is true regarding the Kansas and South Dakota sentencing statutes at issue in Carr and Anderson.

. "[A] claim of Apprendi error must be preserved for review.” Hughes v. State, 901 So.2d 837, 844 (Fla. 2005); accord Galindez v. State, 955 So.2d 517, 521 (Fla. 2007); see also United States v. Cotton, 535 U.S. 625, 634, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (rejecting unpreserved Apprendi claim). Woods offered no Apprendi objection below, so her argument that her sentence violated Apprendi is unpre-served. However, Woods can still assert a challenge to the statute's facial constitutionality for the first time on appeal. See Trushin v. State, 425 So.2d 1126, 1129 (Fla. 1982).

.It has been suggested that section 775.082(10) can be constitutionally applied if the defendant admits the facts justifying the departure, or if the defendant waives jury trial. If a statute violates a constitutional right, I doubt that a situation where a defendant waives the constitutional right constitutes an application that saves the facial constitutionality of the statute. However, this *821 question need not be addressed here because the jury can decide the danger issue without the defendant waiving her right to jury trial.

. This excludes the situation where the defendant admits that a non-prison sentence presents a danger to the public.