COPE, J.
The State petitions for a writ of certiora-ri, seeking to quash an order which disqualifies three assistant state attorneys from participation in a murder prosecution. We conclude that the order of dis *758 qualification should not have been entered, and grant the petition.
I.
Defendant-respondent Jorge Nolasco is charged with first degree murder and other crimes. The prosecution is seeking the death penalty. The defendant is represented by the Public Defender’s Office.
The defense filed a motion to disqualify the entire State Attorney’s Office because the assistant state attorney responsible for the case, Mr. Novick, was inadvertently sent a transcript of an ex parte hearing in which the defense had asked for additional funds for an investigator. It also appears that one, or possibly two, orders granting such funding may have been disclosed. The defendant contended that he had been prejudiced by such disclosure.
The trial court conducted a hearing on the motion for disqualification. The court refused to disqualify the State Attorney’s Office. However, the court disqualified Mr. Novick. Because the contents of the sealed documents were discussed at the disqulifieation hearing, the court also decided to disqualify the other members of the State Attorney’s Office who attended the hearing. These were Ms. Denaro, who was Mr. Novick’s co-counsel, and Ms. Brill, who defended the State Attorney’s Office against the motion for disqualification.
The State has petitioned for a writ of certiorari.
II.
When an indigent defendant needs to hire an investigator in order to prepare his or her case, the defendant applies to the court to authorize the expenditure of public funds. The cost is paid by the county.
By local practice in the Eleventh Judicial Circuit, monetary requests of this type are heard in a quasi ex parte hearing. Under this procedure, the defense serves the motion requesting funds on the county attorney but not the State. The written motion is filed under seal.
The court conducts a hearing on the funding request which is attended by the defense and an assistant county attorney. The County Attorney’s Office is given the opportunity to be heard, and voice any opposition it may have, because the county is responsible for paying the investigative costs which are awarded.
The proceedings at the hearing are considered to be confidential and are not revealed to the State. The hearing is attended by a court reporter and if a transcript is ordered, it is filed under seal. The written order on the defendant’s funding request is also sealed.
The above procedure was used without incident earlier in this case. However, in approximately May of 2001 the defense requested additional investigative costs. That motion was filed under seal in accordance with the usual procedure.
A hearing on the request was conducted on May 30, 2001. This culminated in the trial court’s order authorizing $3,000 for an investigator to go to New York to interview witnesses. At the conclusion of the hearing, defense counsel requested that the transcript be typed up.
The court reporter did so, but through oversight failed to place a legend on the first page indicating that this was a sealed transcript. In addition, the court reporter through error treated this as an ordinary transcript and sent a copy to the assistant state attorney, Mr. Novick.
Mr. Novick read all or most of the transcript, highlighting certain parts of it. He then called defense counsel and advised that he had been sent the transcript, apparently in error. He did not immediately *759 return the transcript, but did so after the motion for disqualification was filed.
III.
The parties have proceeded on the understanding that to disqualify the state attorney’s office, or an individual assistant state attorney, it is necessary to show that there has been actual prejudice to the defense. See Kearse v. State, 770 So.2d 1119, 1129 (Fla.2000), cert. denied, 532 U.S. 945, 121 S.Ct. 1411, 149 L.Ed.2d 352 (March 26, 2001); Farina v. State, 679 So.2d 1151 (Fla.1996), receded from on other grounds, Franqui v. State, 699 So.2d 1312 (Fla.1997); State v. Clausell, 474 So.2d 1189, 1191 (Fla.1985); Nunez v. State, 665 So.2d 301 (Fla. 4th DCA 1995); Meggs v. McClure, 538 So.2d 518 (Fla. 1st DCA 1989).[1]
The claim of prejudice in this case was that in the ex parte hearing, the defense gave the trial court a “road map” of its theory of mitigation in the penalty phase of the case, should the defendant be convicted. The defendant argues that by reading the transcript, the assistant state attorney learned confidential work product information. We do not agree.
When the defendant gave the court a short summary of investigative steps which had already been taken, the defense simply repeated information that was already in the public court file. The defendant had filed a motion for continuance in March of 2001 in which the defense outlined specifically what investigative steps had been taken in the case. This included the interviewing of witnesses in the Dominican Republic and the fact that other witnesses had been identified who reside in New York and Philadelphia. The motion for continuance explained that the defense was investigating the defendant’s mental state at the time of the crime,[2] as well as the existence and applicability of various statutory and non-statutory mental health mitigators.[3]
The defense maintains that through the materials which should have been sealed, the State has learned the name of one of the defendant’s brothers, who lives in Philadelphia and is potentially a witness for the defense in the penalty phase of the case. The State replies that it'has no interest in this brother unless the defendant lists him as a witness, in which case the State would take his deposition as it would any other witness.[4]
The defense has requested the opportunity to make an ex parte showing to this court, explaining how it believes it has been prejudiced. We decline to entertain *760 an ex parte submission. The time to make the showing of prejudice was at the hearing before the trial court. For purposes of the present proceeding we review the record already made.
The State argues that we should prohibit the practice of conducting hearings on requests for investigative costs at proceedings from which the State has been excluded. This argument was not made in the trial court so we do not entertain it now. We intimate no view on the issue one way or the other..
IV.
We conclude that the defense failed to demonstrate prejudice. That being so, we quash the order disqualifying the assistant state attorneys.
Certiorari granted.

.In Downs v. Moore, 801 So.2d 906 (Fla.2001), the court said, "To disqualify the State Attorney’s Office, a defendant must show substantial misconduct or 'actual prejudice.' ” 801 So.2d at 914 (citing Farina and Clausell). Later in the same discussion, the court relied on Kearse and Meggs. The cited cases all require a showing of actual prejudice.
It is not clear whether the mention of “substantial misconduct” is intended to change the existing rule. It would appear that to qualify as "substantial misconduct," the misconduct must actually cause prejudice to the other side.
We do not need to explore this question, because the only issue raised and addressed in these proceedings was the claim that there was actual prejudice to the defense.

. The public file reflected that a competency evaluation had been requested.

. The State also pointed out in the hearing on the motion to disqualify that a good deal of the investigation being pursued by the defense was based on information obtained by police investigation and turned over to the defense. The defense did not contradict this assertion.

. As the trial court suggested, the name of the brother undoubtedly would have come to light through discovery in the case in any event.