937 So.2d 139 (2006)
The STATE of Florida, Petitioner,
v.
Tavares David CALLOWAY, and Antonio Clark, Respondents.
Nos. 3D04-1585, 3D04-1582.
District Court of Appeal of Florida, Third District.
February 22, 2006.
Rehearing and Rehearing Denied September 21, 2006.
*140 Charles J. Crist, Jr., Attorney General; Katherine Fernandez Rundle, State Attorney and Fleur J. Lobree, Assistant State Attorney, for petitioner.
Scott W. Sakin, for respondent Calloway.
H. Scott Fingerhut, Miami, on behalf of the Association of Criminal Defense Lawyers as amicus curiae.
Before LEVY and RAMIREZ and ROTHENBERG, JJ.
Rehearing and Rehearing En Banc Denied September 21, 2006.
PER CURIAM.
The State of Florida ("State") seeks certiorari review of several ex parte Motions and Orders. The State also filed a Petition for Prohibition seeking to disqualify the trial judge. We grant the Petition for Writ of Certiorari in part and grant the Petition to Disqualify the trial judge.

PETITION FOR WRIT OF CERTIORARI
During the deposition of Dr. Ofshe, one of the defendant's psychiatric experts, the State learned of a taped interview Dr. Ofshe took of the defendant, which the defense did not list in its discovery disclosure. The State later learned that the material was submitted for in camera review without notice to the State, and resulted in an ex parte Order which excluded the information from defendant's discovery obligations. Upon learning of the ex parte ruling, and the existence of additional ex parte rulings, the State filed a Motion to Vacate all Ex Parte Orders, and sought a hearing on all of defendant's ex parte motions, arguing that the Orders were entered without any notice to the State.
The State's primary argument below, and on appeal, relating to the ex parte rulings, was that the State should have been noticed and permitted to present legal argument and authority to oppose the defense position regarding the discoverability of the material. The trial court denied *141 the State's motion, reasoning that to allow the State to raise an objection to the defense's privilege argument would defeat the purpose of the in camera inspection. The court explained that the defense took the position that they were not obligated to provide the material because it was confidential work product, and after reviewing the material in camera, the court agreed with the defendant and found that the material was not discoverable.
After reviewing the ex parte motions and Orders, we find that, while the trial court did not depart from the essential requirements of the law with respect to the Orders relating to defendant's motions seeking appointment and financing of expert witnesses pursuant to Florida Rule of Criminal Procedure 3.216, where the defense was not required to provide the State with notice pursuant to State v. Hamilton, 448 So.2d 1007 (Fla.1984), it departed from the essential requirements of the law when it considered ex parte defendant's Motion to Exclude Dr. Ofshe's Interview of Defendant from Defendant's Discovery Obligation where Dr. Ofshe was listed as a witness for the defense.
Defendant's Discovery Obligations
Florida Rule of Criminal Procedure 3.220(d)(1)(B) provides that a defendant who elects to participate in discovery must provide the prosecution with a list of the names and addresses of all witnesses whom the defendant expects to call at trial or at a hearing. Fla. R.Crim. P. 3.220(d)(1)(B) (2004). Moreover, subsection (B)(ii) permits inspection of reports, memorandums or statements of experts made in connection with the case. Fla. R.Crim. P. 3.220(d)(1)(B)(ii) (2004). Thus, once the defense provided the State with its witness list including Dr. Ofshe, the State was entitled to depose Dr. Ofshe, and review materials which the witness relied on in formulating his opinion about the case. Nevertheless, avenues still exist to protect privileged materials from discovery. See Fla. R.Crim. P. 3.220(d)(1)(B)(i), (e), (g) and (m)(1).
The issue before this Court, therefore, concerns whether the defendant, who claimed a privilege on certain material, must provide the State with notice of his intent to seek protection of this information. Florida Rule of Criminal Procedure 3.220(m) allows the court to consider in camera matters which a party may consider are sensitive. Fla. R.Crim. P. 3.220(m)(1). The Rule also allows the defendant to make "an ex parte showing of good cause for taking the deposition of a Category B witness." Fla. R.Crim. P. 3.220(m)(2). The defendant in the instant case suggested below, and claims on appeal, that Rule 3.220(m) allows for, what is in effect, an ex parte, in camera inspection of the material. We cannot agree with the defendant's expansive reading of the Rule. The Rule clearly allows either party to move for in camera inspection of sensitive material or, separate and apart, make an ex parte request to depose a Category B witness. Fla. R.Crim. P. 3.220(m)(1) and (2). Thus, the Rule clearly only allows for ex parte requests to depose a Category B witness. In fact, subsection (3) separately refers to the two situations, i.e., "If the court enters an order granting relief after an in camera inspection or ex parte showing, the entire record of the proceeding should be sealed...." Fla. R.Crim. P. 3.220(m)(3). Accordingly, contrary to the defendant's suggestion, an in camera inspection and an ex parte proceeding are not one and the same. Moreover, an ex parte proceeding is only proper where permitted by law. See In re Inquiry Concerning a Judge: Clayton, 504 So.2d 394, 395 (Fla.1987)(ex parte communications are improper "except when they are expressly authorized by statutes or rules."); *142 see also Fla. Bar Code of Jud. Conduct, Canon 3(B)(7) (judge should accord to every person who is legally interested in a proceeding that person's full right to be heard according to law, and except as authorized by law or Rule, neither initiate nor consider ex parte or other communications concerning a pending proceeding).
In the instant case, although the trial court correctly concluded that it had authority to, and in fact did, conduct an in camera inspection of the material, that inspection improperly occurred as a result of an ex parte communication which is not expressly authorized by any statute or rule. Consequently, we find that although the State is not entitled to review the material submitted for in camera inspection, the State, as a party, is entitled to notice of, and an opportunity to be heard at, any hearing regarding the alleged privilege of the information. Rose v. State, 601 So.2d 1181, 1183 (Fla.1992).

Ex Parte Orders relating to Defendant's Rule 3.216 Motions
The State in the instant case sought hearings on all of the motions and Orders filed ex parte. Rule 3.216(a) requires the trial court to appoint an expert to examine an indigent defendant upon motion of defendant's counsel that she or he has "reason to believe that the defendant may be incompetent to proceed or that the defendant may have been insane at the time of the offense." Fla. R.Crim. P. 3.216(a)(2004). Moreover, Rule 3.216(a) limits any reporting by the expert to defendant's counsel and provides that "matters related to the expert shall be deemed to fall under the lawyer-client privilege." Fla. R.Crim. P. 3.216(a)(2004).
In State v. Hamilton, 448 So.2d 1007 (Fla.1984), the Supreme Court of Florida reviewed the following question relating to Rule 3.216(a):
When an appointed counsel informs the court, as provided in Florida Rule of Criminal Procedure 3.216(a), that he has reason to believe his indigent client is incompetent to stand trial or was insane at the time of the offense, does the trial court have any discretion as to any matter of law or fact the determination of which would entitle the State to be given notice and an opportunity to be heard before the court appoints an expert to examine the accused and to assist his appointed counsel?
Hamilton, 448 So.2d at 1008. The Court answered the question in the negative, and explained that:
[t]he rule is designed to give an indigent defendant the same protection as afforded to a solvent defendant. Further, and as important, in many instances the basis for the request for such an expert is founded on communications between the appointed lawyer and his client. Any inquiry into those communications would clearly violate the basic attorney-client privilege. Any inquiry into counsel's basis to believe that his indigent client is incompetent to stand trial or was insane at the time of the offense also impermissibly subjects the indigent defendant to an adversary proceeding concerning issues which may be litigated in the trial of the cause. No solvent defendant would be subjected to this type of inquiry or proceeding.
Hamilton, 448 So.2d at 1008-09 (emphasis added). Thereafter, this Court in State v. Nolasco, 803 So.2d 757 (Fla. 3d DCA 2001), explained that the request for expenses relating to an indigent defendant's need to hire an expert in order to prepare his or her case are heard in quasi ex parte proceedings, where the motion requesting the funds is served on the County Attorney but not on the State and the written motion is filed under seal. The Court *143 explained that an assistant county attorney attends the hearing and is given an opportunity to be heard, and voice any opposition it may have. Nolasco, 803 So.2d at 758.
After reviewing the State's Petition, it is clear that with the exception of the ex parte Order excluding Dr. Ofshe's interview of the defendant the trial court did not depart from the essential requirements of the law in appointing defendant's expert without notice to the State where the Motions and Orders about which the State complains involve matters protected under Rule 3.216(a), Florida Rule of Criminal Procedure, and Hamilton; see also McKinniss v. State, 439 So.2d 302 (Fla. 2d DCA 1983).
We recognize that the County is no longer responsible for funding Rule 3.216 expert appointments, see § 29.019, Florida Statutes (2005), and that perhaps the Nolasco procedure will change. However, the changes did not take effect until July 1, 2004, after the Orders at issue in the instant case were entered. § 29.019, Fla. Stat. (2005)(billings for services rendered before July 1, 2004, must be paid by the counties).[1]
In light of the foregoing, we grant the State's Petition for Writ of Certiorari only as it relates to the Ex Parte Order excluding Dr. Ofshe's Interview of the Defendant from Defendant's Obligation and remand for in camera inspection, giving the State an opportunity to respond to the defendant's position on this matter.

PETITION FOR WRIT OF PROHIBITION
With respect to the State's Petition for Prohibition, we grant the Petition because an unauthorized ex parte communication took place. As a result of the ex parte communications, it is necessary that any further proceedings take place before another judge.

CONCLUSION
The State's Petition for Certiorari is granted in part, the Writ of Prohibition is granted, and the matter remanded for further proceedings consistent with this opinion.
NOTES
[1] We decline to address what the proper procedure should be in light of the changes to section 29.019, Florida Statutes, however, it seems if the State Attorney's office is the party receiving notice of the request for expert appointment, the purpose of Rule 3.216 is thwarted. See State v. Hamilton, 448 So.2d 1007, 1008 (Fla.1984)("The rule is designed to give an indigent defendant the same protection as afforded to a solvent defendant. Further, and as important, in many instances the basis for the request for such an expert is founded on communications between the appointed lawyer and his client.... No solvent defendant would be subjected to this type of [adversary] inquiry or proceeding.")