933 So.2d 1199 (2006)
MEDIA GENERAL OPERATIONS, INC., d/b/a The Tampa Tribune and WFLA-TV News Channel 8, Petitioners,
v.
STATE of Florida and David Lee Onstott, Respondents.
No. 2D06-392.
District Court of Appeal of Florida, Second District.
June 23, 2006.
*1200 Gregg D. Thomas and James J. McGuire of Thomas & Locicero, LP, Tampa, for Petitioners.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Respondent State of Florida.
Julianne M. Holt, Public Defender, and Samantha L. Ward, Assistant Public Defender, Tampa, for Respondent David Lee Onstott.
LaROSE, Judge.
Media General Operations, Inc. (Media General), petitions this court to review the trial court's orders allowing David Lee Onstott to file two motions ex parte and under seal. We have jurisdiction. See Fla. R. App. P. 9.100(c)(1), (d). Because the trial court departed from the essential requirements of the law, we grant the petition.
Mr. Onstott is charged with first-degree murder. His case has generated much publicity. In April 2005, ostensibly in an effort to protect his rights to a fair trial, Mr. Onstott sought a temporary injunction requesting that all discovery materials provided by the State be reviewed by the trial court in camera before public release. Media General intervened in the case and objected, claiming that much of the discovery material likely would not threaten Mr. Onstott's right to a fair trial. Media General conceded, however, that discovery material that arguably could pose such a threat should be reviewed by the trial court in camera to determine whether public release was appropriate. See Fla. R. Crim. P. 3.220(l)(1) and (m); Miami Herald Publ'g Co. v. Lewis, 426 So.2d 1 (Fla. 1982).
In June 2005, the trial court granted Mr. Onstott's motion to the extent that discovery materials exchanged by the parties would not be disclosed publicly for thirty days. During that period, counsel would review the materials and, if deemed necessary, seek an in camera inspection of any material that, if made public before trial, posed a substantial and imminent threat to a fair trial. The trial court would examine the materials to determine if any should be withheld temporarily from public disclosure under chapter 119, Florida Statutes (2005), Florida's Public Records Law.
This procedure worked well until a discovery hearing in January 2006. At that time, Mr. Onstott presented two written motions to the trial court and asked that they be filed under seal. These motions dealt with Mr. Onstott's objections to the public release of certain discovery materials. Over Media General's objection, the trial court accepted the motions and directed the clerk to file them under seal. Characterizing this procedure as an ex parte communication, Media General noted that it was not allowed to see the motions, did not know what evidence Mr. Onstott sought to exempt from public disclosure, and was given no specific authority for sealing the motions under the Public Records Law. Simply put, Media General contends that this procedure violated its right of access to public records. Media General timely petitioned this court for review.
After Media General filed its petition, the trial court entered an amended order that attempted, after the fact, to explain more fully the need to seal the motions *1201 and related discovery materials from public disclosure. See Lewis, 426 So.2d at 8. The trial court determined that the information contained in Mr. Onstott's motions divulged potentially prejudicial information and that no adequate or less restrictive means were available to protect Mr. Onstott's fair trial rights. Mr. Onstott contends that the amended order moots Media General's petition. We disagree.
Our review is by certiorari under Florida Rule of Appellate Procedure 9.100(d)(1) that governs petitions "`to review an order excluding the press or public from access to . . . judicial records, if the. . . records are not required by law to be confidential.'" See Times Publ'g Co. v. Smith, 903 So.2d 322, 324 (Fla. 2d DCA 2005) (Smith I) (quoting Fla. R. App. P. 9.100(d)(1)). We must determine whether the trial court violated procedural due process or whether its orders departed from the essential requirements of the law. See Sarasota Herald-Tribune v. Smith, 916 So.2d 904, 908 (Fla. 2d DCA 2005) (Smith II).
The State acknowledges that the trial court may conduct an in camera review of discovery materials sought to be exempted from public disclosure. The State questions, however, whether rule 3.220(m)[1] grants the trial court the broader authority to receive under seal and without disclosure to or input from Media General any motion seeking a public records exemption. We hold that it does not.
The recent decision in State v. Calloway, 31 Fla. L. Weekly D592, ___ So.2d ___, 2006 WL 399663 (Fla. 3d DCA Feb. 22, 2006), is instructive. In Calloway, the defendant claimed that rule 3.220(m) allowed for an ex parte, in camera inspection of purported work-product materials of the defendant's psychiatric expert. The court rejected this contention, observing that an in camera inspection and an ex parte proceeding are not one and the same. Id. at ___, at D593. Indeed, an ex parte proceeding is proper only where permitted by law. Id.
Although the Calloway trial court correctly concluded that it had authority to, and in fact did, conduct an in camera inspection of the underlying materials, that inspection improperly occurred after the defense submitted the materials to the trial court without notice to the State. Although the State was not entitled to review the material submitted for in camera inspection, the State, as a party, was entitled to notice of, and an opportunity to be heard at, any hearing regarding the alleged privileged nature of the material. Id. Calloway's reasoning applies here. The trial court allowed Media General to intervene in the case. Ultimately, the trial court might not allow Media General a pretrial review of the materials underlying Mr. Onstott's motions. Nevertheless, Media General was entitled to notice of and an opportunity to be heard on Mr. Onstott's motions. See Lewis, 426 So.2d at 8.
We grant the petition and quash the orders and amended order without prejudice to the trial court conducting further proceedings. See, e.g., Smith I, 903 So.2d *1202 at 327 (granting certiorari and quashing portions of order without prejudice to conduct further proceedings under rule 3.220(l) or (m) seeking nondisclosure of those materials). The trial court may consider striking the motions from the court file and directing Mr. Onstott to file and serve a motion or motions that state the basis for sealing the discovery materials without divulging the information he seeks to exempt from pretrial public disclosure. See generally News-Press Publ'g Co. v. State, 345 So.2d 865, 867 (Fla. 2d DCA 1977) (noting that basis for closing records can be sufficiently stated without divulging prejudicial or privileged information). After hearing, if the trial court concludes that the discovery materials should be sealed, its order should contain sufficient findings of fact to support its decision. See Lewis, 426 So.2d at 7-8; In re Cosio, 841 So.2d 693, 694 (Fla. 2d DCA 2003).
Petition granted.
SALCINES and DAVIS, JJ., Concur.
NOTES
[1] In Camera and Ex Parte Proceedings.

(1) Any person may move for an order denying or regulating disclosure of sensitive matters. The court may consider the matters contained in the motion in camera.
(2) Upon request, the court shall allow the defendant to make an ex parte showing of good cause for taking the deposition of a Category B witness.
(3) A record shall be made of proceedings authorized under this subdivision. If the court enters an order granting relief after an in camera inspection or ex parte showing, the entire record of the proceeding shall be sealed and preserved and be made available to the appellate court in the event of an appeal.