932 So.2d 634 (2006)
FRIENDLY HOMES OF THE SOUTH INC., a Florida corporation, Appellant,
v.
Sonnel FONTICE and Vilcia Fontice, individually and as natural parents and next friends of Marcus Fontice, Jessica Fontice, and Jean Fontice, Appellees.
No. 2D05-3672.
District Court of Appeal of Florida, Second District.
July 7, 2006.
*635 Burke G. Lopez of Rywant Alvarez Jones Russo & Guyton, P.A., Tampa, for Appellant.
Robert H. Van Hart, Lakeland, for Appellees.
NORTHCUTT, Judge.
Friendly Homes of the South, Inc., appeals a nonfinal order that determined it was not entitled to arbitration. We reverse.
Our limited appendix reveals the following. In January 1997, Friendly Homes entered into a form contract with Vilcia Fontice and Jean Fontice for the sale and purchase of a single family dwelling, to be constructed by Friendly Homes, with a closing date of April 30. Vilcia is married to Sonnel Fontice, and Jean is one of their three children. The contract did not contain an arbitration agreement. On May 14, Vilcia and Jean signed a two-page document titled "Arbitration Document Disclosure." Friendly Homes described this document as one signed by the Fontices "upon occupancy of the home." The document did not contain a signature line for Friendly Homes, and it was not signed by anyone from the company.
*636 In October 1999, Vilcia and Sonnel sued Friendly Homes, asserting claims for breach of implied warranty, breach of express warranty, negligence, and breach of contract. They filed suit individually and on behalf of their children. In a nutshell, they alleged that the house was poorly constructed and suffered from defects that resulted in mold and mildew. Friendly Homes filed a motion to dismiss, asserting deficiencies in the complaint. In an amended motion to dismiss, it also asserted a right to arbitration. After the Fontices filed an amended complaint, Friendly Homes filed a motion to compel arbitration.
When ruling on a motion to compel arbitration, a court must consider three questions: "(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." Seifert v. U.S. Home Corp., 750 So.2d 633, 635 (Fla.1999). Instead of seeking the circuit court's determination of these issues, however, the parties jointly stipulated to the entry of an order compelling arbitration. The court did as the parties asked and ordered the matter to arbitration. On June 24, 2004, the arbitrators awarded the Fontices $47,400 in damages.
In February 2005, Friendly Homes filed a motion to confirm the arbitration award. It appears that the Fontices took no action between the arbitration decision and Friendly Homes' motion to confirm. After a hearing, the circuit court refused to confirm the arbitration award, premised on three rulings: first, that the May 1997 "Arbitration Document Disclosure" was ambiguous and insufficient to constitute a valid binding arbitration agreement; second, that Sonnel Fontice could not be bound by the document because he did not sign it; and third, that the Fontices did not waive their right to contest the arbitration result by failing to file any pleading, objection, or motion in response to Friendly Homes' motion to compel arbitration.
When we first examined this case, we questioned whether we had jurisdiction to consider it. The order on appeal was entered in response to Friendly Homes' motion to confirm the arbitration award. This was not a final order because it did not end the judicial labor in the case. Cf. City of Tallahassee v. Big Bend PBA, 703 So.2d 1066 (Fla. 1st DCA 1997). The Florida Arbitration Code purports to establish a right to appeal from an order "confirming or denying confirmation of an award[.]" § 682.20(1)(c), Fla. Stat. (2005). But only the supreme court is empowered to grant interlocutory jurisdiction to the district courts of appeal, which it has done with respect to the nonfinal orders listed in Florida Rule of Appellate Procedure 9.130. See art. V, § (4)(b)(1), Fla. Const.; Health Care Assocs., Inc. v. Brevard Physicians Group, P.A., 701 So.2d 118 (Fla. 5th DCA 1997); City of Tallahassee, 703 So.2d at 1069 ("Nor can the legislature create, by statute, a right to appeal from non-final orders not enumerated in Rule 9.130."). Rule 9.130 contains no provision for interlocutory appeals from orders denying motions to confirm arbitration awards. Thus, if the order was only a denial of the motion to confirm, we would lack jurisdiction to review it.
However, at least two of the circuit court's rulings went directly to Friendly Homes' entitlement to arbitration, a matter that is reviewable under rule 9.130(a)(3)(C)(iv). The circuit court ruled on whether a valid written agreement to arbitrate existed (holding that it did not) and whether Sonnel was a party to that agreement (holding that he was not). These rulings are reviewable because they determined Friendly Homes' entitlement to arbitration, albeit after the fact.
*637 Turning to the merits then, we share the circuit court's skepticism about the validity of the "Arbitration Document Disclosure." But the court was mistaken to focus on that document. The controlling agreement was the parties' joint stipulation for arbitration, entered after the suit was commenced. This agreement was not ambiguous, and Sonnel was a party to it. Chapter 44, Florida Statutes (2004), authorizes a court to order nonbinding arbitration, § 44.103, and to order voluntary binding arbitration when opposing parties so agree in writing, § 44.104. The supreme court has adopted rules for these arbitrations. Fla. R. Civ. P. 1.700, 1.800-.830. The parties having jointly stipulated for arbitration in this case, Friendly Homes was entitled to arbitration regardless of whether the May 1997 "Arbitration Document Disclosure" was effective.
Our jurisdiction to review the nonfinal order on appeal is limited to the issue of Friendly Homes' entitlement to arbitration. Therefore, we do not review the circuit court's ruling that the Fontices did not waive their right to contest the arbitration result by failing to oppose the motion to compel. We note, however, that a party's ability to contest an arbitration award is regulated by statute and court rule. See §§ 682.13, .14 (providing grounds for party to seek vacation, modification, or correction of arbitration award within 90 days after delivery of copy of award); § 44.103(5) (directing judge to enter orders or judgments necessary to carry out arbitration decision when no timely motion for trial de novo has been made after nonbinding arbitration); § 44.104(10) (providing limited grounds for party to raise in challenging decision rendered in voluntary binding arbitration); § 44.104(13) (directing judge to enter orders or judgments necessary to carry out arbitration decision when no timely appeal has been taken); Fla. R. Civ. P. 1.820(h) (providing 20 days to move for trial de novo after nonbinding arbitration); Fla. R. Civ. P. 1.830(c)(2) (providing 30 days to appeal decision of voluntary binding arbitration); Bacon Family Partners, L.P. v. Apollo Condo. Ass'n, Inc., 852 So.2d 882, 888 (Fla. 2d DCA 2003) ("If no motion for trial is timely served [after nonbinding arbitration], then the trial court must enforce the decision of the arbitrator and has no discretion to do otherwise.").
We do not decide whether the arbitration fell under chapter 682 or chapter 44, and we express no opinion on what rights the Fontices have or have not waived at this point in the proceedings. We hold only that the circuit court should have given effect to the parties' stipulated agreement to arbitrate.
Reversed and remanded for further proceedings consistent with this opinion.
SALCINES and SILBERMAN, JJ., Concur.