949 So.2d 1167 (2007)
John Allen PARVIN, Appellant,
v.
VALHALLA PROPERTIES ON SAND KEY, LLC, a dissolved Kentucky limited liability company; Marilyn J. Johnson; Jo Ann Kilgore; and Marion Roland, Appellees.
No. 2D05-5022.
District Court of Appeal of Florida, Second District.
February 28, 2007.
John Allen Parvin, pro se.
Christopher Smith, Sarasota, for Appellee Marion Roland.
No appearance for Appellees Valhalla Properties on Sand Key, LLC, Marilyn J. Johnson, and Jo Ann Kilgore.
CANADY, Judge.
John Allen Parvin appeals a nonfinal order (1) granting a motion to vacate an arbitration award and (2) denying a motion to reinstate a previously vacated arbitration award. Because we lack jurisdiction to consider an appeal of this nonfinal order, we dismiss Parvin's appeal.
The Florida Constitution "permits district courts of appeal to review non-final *1168 orders only to `the extent provided by rules adopted by the supreme court.'" Loewenstein, Inc. v. Draheim, 898 So.2d 1129, 1130 (Fla. 4th DCA 2005) (quoting art. V, § 4(b)(1), Fla. Const.). Florida Rule of Appellate Procedure 9.030(b)(1)(B) grants the district courts of appeal jurisdiction with respect to "non-final orders of circuit courts as prescribed by rule 9.130." The order at issue in this appeal does not fall within the scope of the appealable non-final orders listed in rule 9.130.
Rule 9.130(a)(3)(C)(iv) provides for the appeal of nonfinal orders that "determine . . . the entitlement of a party to arbitration." The order at issue here, however, does not address the issue of entitlement to arbitration.
Parvin contends that his appeal is authorized by the provisions of section 682.20(1)(c), Florida Statutes (2005), that purport to create a right of appeal from an order "confirming or denying confirmation of an [arbitration] award." "But only the supreme court is empowered to grant interlocutory jurisdiction to the district courts of appeal, which it has done with respect to the nonfinal orders listed in [rule] 9.130." Friendly Homes of the S., Inc. v. Fontice, 932 So.2d 634, 636 (Fla. 2d DCA 2006). Under article V, section (4)(b)(1) of the Florida Constitution, jurisdiction of the district courts to consider appeals of nonfinal orders may not be established by statute.
Accordingly, the nonfinal order appealed by Parvin is a nonappealable order. See Loewenstein, Inc., 898 So.2d at 1130 (holding that "order vacating an arbitration award" was a "non-appealable, non-final order"); Fontice, 932 So.2d at 636 (holding that district court lacks jurisdiction to consider appeal of nonfinal "orders denying motions to confirm arbitration awards"). The appeal is dismissed because this court has no jurisdiction to consider it.
Dismissed.
NORTHCUTT and SALCINES, JJ., Concur.