PER CURIAM.
 

 Morris Publishing Group, LLC, publisher of
 
 The Florida Times-Union
 
 newspaper, seeks review of an order of the Circuit Court for Duval County which denied access to certain judicial records in the matter of State of Florida versus Tyrone Hartsfield. We have jurisdiction in accordance with Florida Rule of Appellate Procedure 9.100(d);
 
 see also Media Gen. Operations, Inc. v. State,
 
 933 So.2d 1199 (Fla. 2d DCA 2006);
 
 WESH Television, Inc. v. Freeman,
 
 691 So.2d 532 (Fla. 5th DCA 1997).
 

 Because Hartsfield is accused of the attempted murder of a member of the Jacksonville Jaguars professional football team, the case has been the subject of considerable public interest. At a hearing on the issue of the defendant’s entitlement to pretrial release, both parties relied on a lengthy audiotape of a conversation between Hartsfield and another individual, and a partial, preliminary and unofficial transcript of that audiotape prepared by the attorneys and their staffs. A
 
 Times-Union
 
 reporter requested copies of the tape and transcript and counsel for the newspaper appeared at a subsequent hearing and argued for their release. The court denied the records request, finding that certain statements of the defendant were admissions or confessions which are exempted from disclosure pursuant to section 119.071(2)(e), Florida Statutes (2008). Further, the court concluded that the records should remain confidential to ensure the defendant’s right to a fair and impartial jury in Duval County. Petitioner argues that the court erroneously equated an admission by the defendant with a confession, and failed to conduct the proper analysis on the fair trial issue required by
 
 Miami Herald Publishing Co. v. Lewis,
 
 426 So.2d 1 (Fla.1982).
 

 It is well-settled that the courts are not agencies under Florida’s Public Records Act, Chapter 119, Florida Statutes, and therefore the Act does not govern access to judicial records.
 
 Justice Coalition v. First Dist. Court of Appeal Nominating Comm’n,
 
 823 So.2d 185 (Fla. 1st DCA 2002). Instead, Florida Rule of Judicial Administration 2.420 governs public access to the records of Florida’s judicial branch. Subdivision (c)(7) of rule 2.420 exempts from public access court records which are made confidential “under the Florida and United States Constitutions and Florida and federal law.” The question of whether some or all of the records are exempt as confessions is one for the circuit court to resolve under the rule. We do not reach
 
 *122
 
 that question, however, because of our disposition of the petition on other grounds.
 

 Rule 2.420(f)(2) provides that “[rjequests for access to records shall be in writing and shall be directed to the custodian.” The records of the circuit court proceedings before us do not reflect that Morris has complied with this writing requirement. Although denial of relief for this reason may appear to place form over substance, the presiding circuit judge twice stated at a hearing that the court could best consider petitioner’s arguments if reduced to writing. We therefore conclude that the instant petition should be denied because the trial court correctly denied the public records request, albeit for the wrong reason.
 
 Dade County School Bd. v. Radio Station WQBA,
 
 731 So.2d 638, 644 (Fla.1999) (“[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record.”). We decline to address petitioner’s arguments on the merits at this time, finding that they should be reconsidered by the circuit judge under rule 2.420 prior to review by this court.
 

 PETITION DENIED.
 

 HAWKES, C.J., VAN NORTWICK and BROWNING, JJ., concur.