THOMAS, J.,
concurring.
I concur, but write to respectfully address the dissenting opinion, which states that “no suggestion has been made that the rights or interests of any third party was affected by the stipulation.” That is not the case here, where the legislature has defined what constitutes “wages,” and thus, what can form the basis for a determination of Average Weekly Wage, and ultimately determine an award of temporary partial disability. Here, the “third party” involved is in fact the Legislature, which defines the public policy of the state. Although stipulations that resolve personal factual disputes between parties may be appropriate and therefore binding, here, the Judge of Compensation Claims heard undisputed evidence that Appellant failed to report his wages as taxable income. Thus, his income could not constitute wages under Florida Statutes because it was not reported “for federal income tax purposes.” § 440.02(28), Fla. Stat.; Fast Tract Framing, 994 So.2d 355, 358 (Fla. 1st DCA 2008). As noted by Appellee and the majority opinion, there is no evidence or claim that Appellant had ever reported his income. In fact, Appellant stated below that he had not filed a tax return in ten years.
As we noted in Fast Tract Framing, the unambiguous text of section 440.02(28) requires that a claimant, not his employer, report wages to the Internal Revenue Service. 994 So.2d at 357-58. Thus, the question here is whether parties can decide between themselves that the legislature’s definition will be rendered void and bind a judge to this agreement.
Gunn Plumbing, Inc. v. Dania Bank, cited by the dissenting opinion, provides a useful comparison. 252 So.2d 1 (Fla.1971). There, the stipulation involved the usury statute, and the supreme court stated that usury was “purely a personal defense created by statute for the protection of borrowers and, therefore, any borrower may waive his right to claim the benefit of such statute.” 252 So.2d at 4. The court’s statement that a stipulation which involves “a matter which is. appropriate to stipulate [to] is binding upon the parties and upon the Court” may be contrasted with this case, where a stipulation is not appropriate. 252 So.2d at 4 (emphasis added).
The legislature’s requirement that income must be reported for federal income tax purposes to qualify as wages is a public policy obviously intended to discourage tax evasion and inaccurate calculations of employee earnings. In addition, the law seeks to ensure accurate calculation for payment of workers’ compensation insurance premiums, which are based on the employer’s total payroll. This statute affects not just the parties, but the entire *602 workers’ compensation statutory scheme, as inflated and inaccurate wage calculations affect employer premiums. The statute at issue here is quantitatively different that the statute at issue in Gunn Plumbing and, for that matter, the waiver of any objection to the admission of polygraph evidence in Davis v. State, 520 So.2d 572 (Fla.1988), which is also cited by the dissent. The stipulation at issue in Friendly Homes of the South, Inc., 932 So.2d 634 (Fla. 2d DCA 2006), belongs in the same category of stipulations as in Davis and Gunn Plumbing; to wit: personal and “appropriate” matters of stipulation that involve rights and responsibilities personal to the parties, not matters of public policy in conflict with statutory law. In Friendly Homes, for example, the Second District noted that the legislature had authorized parties to stipulate to arbitration. 932 So.2d at 637. By contrast, the legislature has not authorized parties to waive the requirement that employees must report their wages “for federal income tax purposes” in order to qualify as “wages” under section 440.02(28), Florida Statutes.
Under section 440.02(28), Florida Statutes, Appellant had the legal duty to report his income for federal income tax purposes in order to establish that he earned “wages” which could form the basis of an average weekly wage and an award of temporary partial disability. Appellant could not evade that duty based on a private agreement with another party in a judicial proceeding, and certainly cannot bind a court to enforce such an agreement.
It is unfortunate that Appellee stipulated to a matter that was not appropriate and not authorized in law; however, it was Appellant’s lawful duty to report his wages for federal tax purposes, as required by the Legislature. Because Appellant has not claimed that he reported his wages “for federal income tax purposes,” but only that he could have, had Appellee not offered the stipulation, I concur in the holding here.