PALMER, J.
 

 R.L.F. filed the instant petition seeking a writ of mandamus, requesting this court to direct the trial court to conduct dependency proceedings pursuant to Chapter 39, Florida Statutes, to treat R.L.F. as a party in said proceedings, and to provide R.L.F. access to confidential information related to this matter. The record reveals that the trial court is conducting dependency proceedings and is treating R.L.F. as a party therein. Therefore, R.L.F.’s petition for writ of mandamus is moot, except as to his request for access to confidential information. As to that claim, we conclude that R.L.F. did not establish a clear legal right to receive such access. Accordingly, we deny R.L.F.’s petition.
 

 For purposes of mandamus, the petitioner must show a clear legal right to the relief requested and “an indisputable legal duty on the part of the respondent” to act.
 
 Bernard, v. State,
 
 911 So.2d 1259, 1260 (Fla. 5th DCA 2005).
 

 R.L.F. is the step-father of M.A.W. and R.J.W. Pursuant to previous dependency proceedings involving the children’s mother in Lake County, Florida, the children were sent to live with their biological father in Oklahoma. At the same time, the dependency court in Lake County terminated the Department of Children and Families’ (DCF) supervision of the children and relinquished jurisdiction over the children to the Oklahoma court.
 

 Subsequent thereto, the children came to Florida to visit their mother. At that time, the mother filed a petition in Volusia County seeking full custody of the children. The biological father then initiated a paternity action in Oklahoma. He was granted an emergency temporary custody order which he filed in the Volusia County court. Thereafter, the Volusia County court dismissed the mother’s petition seeking full custody, concluding that the Oklahoma court possessed jurisdiction over the children.
 

 Subsequent thereto, R.L.F. filed a petition for dependency in Volusia County relating to his stepchildren. The trial court heard the dependency petition and ordered the children to remain in the custody of their mother. R.L.F. then filed the instant petition seeking a writ of mandamus based upon an indication from the trial court that, since he was not a party to the dependency proceedings, R.L.F. could not file additional pleadings. However, since that time, the successor dependency judge acknowledged the right of anyone with knowledge to file and prosecute a dependency petition and, accordingly, is permitting R.L.F. to participate in the dependency proceedings as a party.
 

 As for R.L.F.’s request for access to confidential information, R.L.F. alleges
 
 *904
 
 that he attempted to obtain access to investigative reports from DCF, but the trial court ruled that he lacked standing to obtain the reports because he is not a parent.
 

 Section 39.0132 of the Florida Statutes governs access to court records:
 

 39.0132 Oaths, records, and confidential information.—
 

 [[Image here]]
 

 (3) The clerk shall keep all court records required by this chapter separate from other records of the circuit court. All court records required by this chapter shall not be open to inspection by the public. All records shall be inspected only upon order of the court by persons deemed by the court to have a proper interest therein, except that, subject to the provisions of s. 63.162, a child and the parents of the child and their attorneys, guardian ad litem, law enforcement agencies, and the department and its designees shall always have the right to inspect and copy any official record pertaining to the child....
 

 § 39.0132(3), Fla. Stat. (2010) (emphasis added). Since a step-parent is not listed as one that has an absolute right to inspect court records, the trial court possessed discretion to determine whether to grant R.L.F. access to the records.
 

 Additionally, section 39.202 of the Florida Statutes (2010) states:
 

 39.202 Confidentiality of reports in case of child abuse or neglect.—
 

 (1) In order to protect the rights of the child and the child’s parents or other persons responsible for the child’s welfare, all records held by the department concerning reports of child abandonment, abuse, or neglect, including reports made to the central abuse hotline and all records generated as a result of such reports, shall be confidential and exempt from the provisions of s. 119.07(1) and shall not be disclosed except as specifically authorized by this chapter....
 

 § 39.202(1), Fla. Stat. (2010). The statute further states that access to such records shall be granted only to DCF, its agents or contract providers, criminal justice agencies, state attorneys, parents or legal custodians and their attorneys, any person alleged to have caused the abuse or neglect (limited if not the parent), the court, grand jury, bona fide researcher who enters a privacy and security agreement, division of administrative hearings, guardian ad litem, auditor, employees of a comparable out of state agency, Department of Revenue, some public school employees, children’s advocacy center, physician or psychologist, and persons with whom the department seeks to place the child. As such, R.L.F. does not qualify for receiving access to DCF’s records under the statute.
 

 R.L.F. has not established that the trial court has a clear legal duty to grant him access to the DCF’s confidential records since he is not a party with statutory entitlement to receive such access. Therefore, R.L.F. has not established entitlement to receive mandamus relief.
 

 PETITION DENIED.
 

 GRIFFIN and LAWSON, JJ., concur.