NORTHCUTT, Judge.
The City of Plant City appeals an order denying its motion to inspect court records in a dependency case. We conclude that the City met its statutory burden to demonstrate that it had a proper interest in inspecting the records, and we reverse the order denying the City’s request.
J.B. is a child whose mother was killed in 2008 and whose father is incarcerated for that murder. The circumstances of her mother’s death gave rise to a wrongful death action, filed in 2010 against the City based on allegations that its 911 operator was negligent. Also in 2010, J.B. came under the supervision of the Department of Children and Family Services in a dependency proceeding. The City filed a motion in the dependency proceeding seeking to inspect the court records concerning J.B.
By statute, dependency court records are not public. Section 39.0132(3), Florida Statutes (2011), provides in pertinent part as follows:
The clerk shall keep all court records required by this chapter separate from other records of the circuit court. All court records required by this chapter shall not be open to inspection by the public. All records shall be inspected only upon order of the court by persons *409 deemed by the court to have a proper interest therein, except that, subject to the provisions of s. 63.162 [pertaining to adoption], a child and the parents of the child and their attorneys, guardian ad litem, law enforcement agencies, and the department and its designees shall always have the right to inspect and copy any official record pertaining to the child.
(Emphasis added.) See also Fla. R. Jud. Admin. 2.420(c)(7) (declaring confidential all records so designated under Florida law); (c)(8) (declaring confidential all records so designated by Florida Statutes); (d)(l)(B)(i) (specifically listing dependency records under chapter 39 as confidential).
In this case, the City asserted that it had a proper interest in J.B.’s dependency court records due to the wrongful death suit, which seeks to recover damages on J.B.’s behalf. After a hearing, the dependency court denied the motion. The court reasoned that the City “failed to put forth any compelling reason for the release of the confidential records sought which would outweigh the privacy interests of [the child].”[1]
Case law addressing confidential records under section 39.0132(3) is scant, and no authority directly answers the questions posed in this case. In R.L.F. v. Department of Children & Families, 63 So.3d 902 (Fla. 5th DCA 2011), the Fifth District denied a petition in which a dependent child’s stepfather sought a writ of mandamus directing the dependency court to grant him access to the child’s court records. The R.L.F. court observed that a step-parent is not among those to whom the statute gives an absolute entitlement to the records. 63 So.3d at 904 (citing section 39.0132(3), which lists those who “shall always have the right to inspect and copy” the otherwise confidential records). Therefore, the court held, the dependency court had discretion to determine whether to grant access to the stepfather. A discretionary ruling cannot be directed by a writ of mandamus. City of Miami Beach v. Mr. Samuel’s, Inc., 351 So.2d 719, 722 (Fla.1977).
After rejecting mandamus as an available remedy, R.L.F. suggested that abuse of discretion is the standard for reviewing circuit court rulings on applications for access to records under the statute. 63 So.3d at 904 (stating that “trial court possessed discretion to determine whether to grant R.L.F. access to the records”). Applying the standard here, we note that an exercise of judicial discretion must always be governed by applicable law. See McDuffie v. State, 970 So.2d 312, 326 (Fla.2007) (“A trial court also abuses its discretion if its ruling is based on an erroneous view of the law .... ” (quoting in part Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)) (internal quotation marks omitted)).
In this ease, the dependency court abused its discretion by failing to apply the test established in section 39.0132(3). The statute does not require a third party seeking to inspect dependency court records to prove that its interest in doing so is compelling or that it outweighs the child’s privacy interest. When enacting the statute, the legislature has already weighed the interests at issue and determined that those with a “proper” interest in inspecting the records shall be permitted to do so. In the context of the statute as a whole, the test requires a third party *410 seeking to inspect dependency court records to demonstrate that doing so will serve a legitimate and appropriate interest that differs from that of the public at large.
The City made such a showing here. It is the defendant in a wrongful death suit that seeks to recover damages on the child’s behalf. The child’s recovery may include damages for loss of support and services determined in part by her relationship with her mother, “lost parental companionship, instruction, and guidance[,] and for mental pain and suffering.” See § 768.21(1), (3), Fla. Stat. (2008). Certainly, the City has a legitimate, appropriate interest in discovering facts that will permit it to assess the damages claimed against it, for purposes of either defending itself or engaging in settlement negotiations.
J.B. and the Department argue that the City does not have standing to bring this appeal. It is true that section 39.510(1) purports to limit appellate standing in dependency actions. This statute provides that an appeal may only be brought by the Department and by “[a]ny party to the proceeding who is affected by an order of the court.” § 39.510(1) (emphasis added). See D.M. v. Dep’t of Children & Families, 978 So.2d 211, 213-14 (Fla. 2d DCA 2008) (noting that section 39.510(1) limited standing to appeal final orders by a dependency court and superseded Florida Rule of Appellate Procedure 9.146(b), which appeared to grant standing to a larger class based on an earlier version of the statute).
But as was said in Canfield v. Cantele, 837 So.2d 371, 375 (Fla.2002), the issue of jurisdiction here turns on whether the order is a final order. We conclude that it is — the order ended judicial labor in the dispute between the City, J.B., and the Department. See S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99 (Fla.1974) (“Generally, the test employed by the appellate court to determine finality of an order ... is whether the order in question constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected.”); Canfield, 837 So.2d at 375 (same); see also Philip J. Padovano, Florida Appellate Practice § 23:2 at 470 (2011-2012 ed.) (“Orders adjudicating the rights of nonparties are often final when they are entered even if the litigation between the parties is not yet complete at that time.”). In an analogous case, this court previously held that a nonparty could appeal a dependency court’s final order denying its motion to intervene. Adoption Miracles, LLC v. S.C.W., 912 So.2d 368, 370 (Fla. 2d DCA 2005).
Because this is a final order, the City has a constitutional right to appellate review under article V, section 4(b)(1), of the Florida Constitution, which establishes the jurisdiction of the district courts of appeal by referring, in part, to appeals from a trial court’s final orders “that may be taken as a matter of right.” When jurisdiction exists under the constitution, the legislature cannot impose a limitation on that jurisdiction. State v. Jefferson, 758 So.2d 661, 664 (Fla.2000) (“While constitutional jurisdiction cannot be restricted or taken away, it can be enlarged by the Legislature in all cases where such enlargement does not result in a diminution of the constitutional jurisdiction of some other court, or where such enlargement is not forbidden by the Constitution.” (quoting S. Atl. S.S. Co. v. Tutson, 139 Fla. 405, 190 So. 675, 682 (1939)) (internal quotation marks omitted)); cf. Parvin v. Valhalla Props. on Sand Key, LLC, 949 So.2d 1167, 1168 (Fla. 2d DCA 2007) (holding that statute could not grant jurisdiction to dis *411 trict courts of appeal over nonfinal arbitration order because the Florida Constitution reserved to the Florida Supreme Court the power to define the interlocutory jurisdiction of district courts). Thus, despite the apparent limitation in section 39.510, we conclude that we have jurisdiction to consider the City’s appeal of this final order.
But even assuming that the City lacked standing for an appeal, it would prevail under the standard for certiorari relief. See Media Gen. Operations, Inc. v. State, 933 So.2d 1199 (Fla. 2d DCA 2006) (granting certiorari review of order allowing criminal defendant to exclude press from access to pretrial motions); see also Fla. R.App. P. 9.100(d) (providing expedited, original proceeding to review orders excluding press or public from access to judicial records). Certiorari will lie when a petitioner demonstrates that the lower court has departed from the essential requirements of law in a manner that will cause the petitioner to suffer irreparable harm. Maraman v. State, 980 So.2d 1096, 1101 (Fla. 2d DCA 2008).
The dependency court failed to apply the correct law when it overlooked the statutory standard for gaining access to these records. See Dusseau v. Metro. Dade Cnty. Bd. of Cnty. Comm’rs, 794 So.2d 1270, 1275 (Fla.2001) (equating a departure from the essential requirements of law with the failure to apply the correct law). Further, the City would suffer irreparable harm in that it would be foreclosed from appealing in the dependency action, the order likely would be beyond the scope of an appeal from a final judgment in the wrongful death action, and in any event the City would be unable to show how the lack of access to the dependency court records affected the outcome of the wrongful death action. See Giacalone v. Helen Ellis Mem’l Hosp. Found., Inc., 8 So.3d 1232, 1234-35 (Fla. 2d DCA 2009) (stating that, although rare, orders denying discovery may sometimes be reviewed by certiorari when it would be impossible to later demonstrate prejudice). Thus, we conclude that the City would be entitled to relief under the narrower standard governing certiorari review. Cf. B.C. v. A.P. ex rel. C.P., 538 So.2d 525, 526 (Fla. 3d DCA 1989) (denying certiorari relief from nonfinal order granting access to juvenile records under substantially similar predecessor statute when the circuit court “conducted an in camera inspection to determine whether [the plaintiffs] had a proper interest in the records”).
In conclusion, we hold that the City established a proper interest in inspecting the dependency court records at issue here and that the circuit court abused its discretion when denying the City’s request to do so. On remand, the court shall permit the City’s inspection of the records. The court may first conduct an in camera review of the records, impose a confidentiality order, or both, to ensure that the interests of all concerned are served and protected. See Fla. R. Jud. Admin. 2.420(e)(2) (providing procedure for hearings on confidential records); (3) (providing guidance for orders addressing confidential records).
Reversed and remanded.
VILLANTI and CRENSHAW, JJ., Concur.

. Apparently, no consideration was given to the possibility that thwarting the City's discovery might adversely affect the damages claim in the wrongful death suit, and so we will not address this point.