*471 WOLF, J.,
concurring in part and dissenting in part.
I concur in the majority’s certification of the question of great public importance. I dissent, however, from that portion of the opinion that determined the trial court’s order denying the ex parte proceeding did not constitute a departure from the essential requirements of law. An indigent defendant who is represented by private counsel pro bono is entitled to an ex parte proceeding concerning the entitlement to hire expert witnesses and investigators.
To obtain certiorari relief, a petitioner must demonstrate “ ‘(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal.’ ” Citizens Prop. Ins. Corp. v. San Perdido Ass’n, Inc., 104 So.3d 344, 351 (Fla. 2012) (quoting Williams v. Oken, 62 So.3d 1129, 1132-33 (Fla. 2011)).
In other words, before certiorari can be used to review non-final orders, the appellate court must focus on the threshold jurisdictional question: whether there is a material injury that cannot be corrected on appeal, otherwise termed as irreparable harm. Assuming this requirement is met, the court must then determine whether the decision below departed from the essential requirements of law....
Id. at 351 (internal citations omitted) (emphasis added).
Thus, an appellate court does not reach the departure element until irreparable harm is demonstrated. Here, I believe petitioner has demonstrated the threshold requirement of irreparable harm. While the majority opinion does not specifically mention irreparable harm, it has in fact decided this issue by reaching the merits of the claim. This reading is consistent with the fact that irreparable harm is not seriously in dispute in this case. The improper disclosure of defense strategies and potential expert witnesses by allowing the State to attend the hearing requesting authorization to hire these witnesses is classic “cat out of the bag” material. Revealing such material has always been determined to meet the test of irreparable harm. See Lender Processing Servs., Inc. v. Arch Ins. Co., 183 So.3d 1052, 1058 (Fla. 1st DCA 2015).
I would also find that a departure from the essential requirements of law has been demonstrated. The majority enumerates the correct principle of law for establishing a departure from the essential requirements of law and I will repeat it here: a ruling departs from the essential requirements of law when it constitutes a violation of a clearly established principle of law resulting in a miscarriage of justice. State Dep’t of Revenue ex rel., Carnley v. Lynch, 53 So.3d 1154, 1156 (Fla. 1st DCA 2011).
I also do not dispute the general principle that normally to demonstrate a clearly established principle of law, the petitioner must demonstrate existing precedent on the issue. However, unlike the majority, I stress that as stated by the Florida Supreme Court, clearly established principles of law derive not only from controlling case law but also from constitutional law. Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 890 (Fla. 2003). None of the cases cited by the majority denying certiorari relief involve a departure from a clearly established and essential constitutional principle. This case involves a departure from such a principle, which is that equal protection mandates that we do not treat two equally situated criminal defendants differently, especially when there is no rational basis for doing so.
*472 In the instant case, petitioner demonstrated that:
(1) Non-indigent and, more importantly, other indigent defendants represented by public defenders can obtain expert witnesses and investigative support without revealing their thought processes in front of the prosecuting authority;
(2) These types of witnesses and investigations are essential, if not critical, in representing a defendant on resentenc-ing pursuant to section 942.1401(2), Florida Statutes (2016); and
(3) There is no rational basis for the state attorney to be present at these hearings. The State acknowledged that its only interest in being present at these hearings was financial. These financial interests are more properly represented by the Judicial Administration Commission at an ex parte hearing. See, e.g., State v. Nolasco, 803 So.2d 757 (Fla. 3d DCA 2001). In fact, the state attorney did not oppose defense counsel’s request for an ex parte hearing in this case.
Thus, petitioner has demonstrated a departure from the essential requirements of the equal protection clauses of the United States and Florida Constitutions entitling her to certiorari relief.
I would also find that petitioner’s request is supported by the reasoning, if not the holdings, of Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), and State v. Hamilton, 448 So.2d 1007 (Fla. 1984), as well as the explicit holdings in United States v. Abreu, 202 F.3d 386, 387-91 (1st Cir. 2000), and Ex parte Moody, 684 So.2d 114, 120-21 (Ala. 1996). Thus, I would grant the petition for writ of certio-rari.